## 𝕭𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### BALLOU & OTHERS *v.* BALLOU.

#### March 18, 1897.

1. SUITS FOR PARTITION—*Allowance for improvements by one tenant.*—A joint tenant who improves the common property at his own expense is entitled, in a partition suit, to compensation for the improvements, whether the co-tenant assented thereto or not.   But this allowance is made, not as a matter of legal right, but merely from a desire to do justice between the parties, and hence will be so estimated as to inflict no injury on the co-tenant.

2. SUITS FOR PARTITION—*Improvements—Limitations—Personal actions for improvements—For repairs.*—The right of a joint tenant to claim compensation for improvements put upon the common property at his own expense, does not arise until a suit for partition is brought, and the right to partition arises whenever the parties may choose to assert it.  · Statutes of limitations have no application to suits for partition, nor to the equity for compensation which arises only when the partition is asked for.   But the mere fact of improving the common property by a joint tenant does not raise an implied *assumpsit* on the part of the co-tenants to contribute to the expenses thereof, and no action therefor will lie by the tenant making the improvements.   The rule is otherwise where *repairs* are made on the common property by one joint tenant at his sole expense.

Appeal from a decree of the Corporation Court of the city of Lynchburg, pronounced December 8, 1894, in a suit in chancery wherein the appellee was the complainant, and the appellants were the defendants.

*Reversed.*

The opinion states the case.

*Edward S. Brown*, for the appellants.

*Wilson & Manson*, for the appellees.

HARRISON, J., delivered the opinion of the court.

In the year 1871, Charles H. Ballou and his nephew, Isaiah Ballou, became joint owners of a lot in the city of Lynchburg. Improvements were afterwards erected on part of the lot and occupied by both parties until the year 1891, when Charles H. Ballou died. This is a partition suit between Isaiah Ballou and the other heirs of Charles H. Ballou to divide the lot and improvements thereon among the parties entitled thereto. Depositions were taken, and a commissioner's report made, satisfactorily establishing that the lot had never been divided between Isaiah Ballou and Charles H. Ballou; that up to the date of the latter's death they had owned and occupied the property jointly; that the value of the lot was $400, and the value of the improvements $900; and that Charles H. Ballou had paid $870 of the cost of the improvements, and Isaiah $30 thereof. The commissioner further found that Charles H. Ballou's estate was entitled to credit for the excess of improvements he had put upon the lot over that expended by his co-tenant Isaiah Ballou, and that said estate was also entitled in the same proportion to the rents arising from said property from and after the death of Charles H. Ballou. The lower court declined to sustain this view of its commissioner, and entered a decree holding that Charles H. Ballou's estate was entitled to no credit, by way of compensation for the improvements made by him, and that Isaiah Ballou was entitled to one-half the joint property including the improvements, and also to one-half the rents accruing since the death of Charles H. Ballou, and should be paid in that proportion from the proceeds of sale which was ordered to be made because the property was not susceptible of division in kind.

The question thus raised is whether or not one joint tenant who improves the common property at his own expense can, in a partition suit, have compensation for such improvements.

The result of a decided preponderance of the authorities is that where one tenant in common lays out money in improvements on the estate, although the money so paid does not in strictness constitute a lien on the estate, yet a court of equity will not grant a partition without first directing an account, and a suitable compensation.   To entitle the tenant in common to an allowance on a partition in equity, for the improvements made on the premises, it does not appear to be necessary for him to show the assent of his co-tenants to such improvements, or a promise, on their part, to contribute their share of the expense, nor is it necessary for him to show a previous request to join in the improvements, and their refusal.   The allowance of compensation for improvements is, in all cases, made, not as a matter of legal right, but purely from the desire of the court to do justice, and therefore the compensation will be estimated so as to inflict no injury on the co-tenant against whom the improvements are charged. Freeman on Co-tenancy and Partition, sec. 510; 3 Pomeroy's Eq. Jur., sec. 1389; 1 Story's Eq. Jur., sec. 655; *Ruffner* v. *Lewis*, 7 Leigh 720; note to *Robinson* v. *McDonald*, 62 Amer. Dec., p. 482, and the cases there cited.

It is insisted by appellee that a claim for improvements is merely a personal debt owing from one party to another, due in the absence of a contract making other stipulations, so soon as the improvements are completed, and that, inasmuch as there was no express agreement for a lien, the only ground upon which the estate of Charles H. Ballou could recover is upon an implied contract, and that therefore the claim, though asserted in a court of equity, rests upon an *assumpsit*, and, as equity follows the law, it will apply the bar of the statute of limitations just as a court of law would have done had the claim for improvements been asserted by an action of *assumpsit*.

This position is not tenable.   No action of *assumpsit* could have been maintained to recover any part of the cost of these

improvements from appellee. He was under no obligation
to contribute to them. A co-tenant cannot recover from his
fellow tenants a share of the expense incurred by him in mak-
ing improvements upon the common property, in the absence
of an express assent on their part, or of such circumstances
or dealings between the parties as will convince the court
that an understanding existed to the effect that the expenses
were to be repaid. Freeman on Co-tenancy and Partition,
sec. 262; 1 Wash. Real Prop., Marg. p. 421; note to *Robinson*
v. *McDonald*, 62 Amer. Dec., p. 483, and cases there cited.
The right to claim compensation for improvements made
under the circumstances disclosed by the record does not arise
until the suit for partition is brought, and the right to parti-
tion arises whenever the parties may choose to assert it.
Statutes of Limitation have no application to suits for parti-
tion, nor to the equity for compensation which arises only
when the partition is asked for.

The cases cited in support of the contention that Charles
H. Ballou had a right of action against appellee for the im-
provements made are cases where the action was brought to
recover compensation for repairs to the common property
made by one co-tenant. The rule applicable in the matter of
repairs is different from that in the case of improvements.
In the former case the weight of authority is that, when the
repair of joint property is necessary to its use and preserva-
tion, one joint tenant, when his fellows refuse to unite, may
have the property repaired and sue for compensation, but we
have been referred to no authority which holds that this can
be done in the case of improvements.

The case at bar comes clearly within that class where a
court of equity will not grant a partition without directing
an account, and suitable compensation.

Under Rule IX, of this court, appellee assigns as error in
the decree appealed from the action of the court below in
overruling his first exception to the commissioner's report.

This exception related to the amount of rent charged to appellee on account of the joint property in his possession since the death of Charles H. Ballou. Without going into the particulars of this account it is sufficient to say that a careful examination of the commissioner's report, and the evidence upon which it is based shows that it is subject to no valid objection. The findings of the commissioner are in accordance with the law, the rights of the parties concerned are accurately ascertained and adjusted, and all exceptions thereto should have been overruled, and the report in all respect confirmed.

For the foregoing reasons the decree appealed from must be reversed and set aside, and the cause remanded to the court below to be there proceeded with in accordance with the views expressed in this opinion.

*Reversed.*