SARAH A. GEDNEY, Individually and as Trustee under the Will of CHARLES GEDNEY, Deceased, Plaintiff, *v.* ALFRED W. GEDNEY et al., as Executors of WILLIAM H. GEDNEY, Deceased, Respondents, and LUIZ A. DA CUNHA, as Executor and Trustee under the Will of CHARLES GEDNEY, Deceased, Appellant.

1. TENANTS IN COMMON — SEVERAL CLAIMS FOR DIVISION OF RENTS FROM DIFFERENT PROPERTIES.  Claims by one of two tenants in common against the estate of his deceased cotenant for his proportion of the rents collected by the latter from each of two distinct pieces of property are several, as arising out of different acts; and a judgment upon the claim as to one piece of property is not a bar to a claim as to the other.

2. BASIS OF SECOND CLAIM UNKNOWN AT TIME OF FIRST CLAIM.  Such claims are especially several where, at the time of filing his claim for his proportionate share of the rents collected on one of the pieces of property, the claimant did not know that his cotenant had collected the rent on the other piece of property, which formed the basis of his second claim.

3. RIGHT OF TENANT IN COMMON TO EQUALIZATION OF RECEIPTS FROM PROPERTY.  A verbal agreement between one of two equal tenants in

common and the executor of his deceased cotenant, that each party should undertake the collection of his half of the rents, does not constitute a waiver by the former of his legal right to recover his just proportion from the executor of his cotenant who has received more than his just proportion, that is, to recover one-half of the excess collected by the executor over what has been collected by him, even though the executor has not collected a full half of the whole rent due.

*Gedney* v. *Gedney*, 19 App. Div. 407, affirmed.

(Argued October 9, 1899; decided October 27, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 19, 1897, affirming a judgment entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James A. Ryan* and *Thomas E. Stewart* for appellant. What was due from Charles Gedney in his lifetime for rents or other demands due was an entire claim constituting the indebtedness from Charles to William H. Gedney, and judgment in the action on the claim as so presented and sued for is a bar to any other action to recover more, and it is not material whether it was litigated or any proof in regard to it was offered in the former suit or not. The judgment is a bar to whatever was or might have been litigated in the former suit. (*Jex* v. *Jacob*, 19 Hun, 105 ; *R. P. Church* v. *Brown*, 54 Barb. 191 ; *Le Guen* v. *Gouverner*, 1 Johns. Cas. 436 ; *Embury* v. *Connor*, 3 N. Y. 512 ; *C. P. P. & M. Co.* v. *Walker*, 114 N. Y. 7 ; *Dunham* v. *Bower*, 77 N. Y. 79 ; *Davis* v. *Tallcot*, 12 N. Y. 184 ; *Bendernagle* v. *Cocks*, 19 Wend. 207 ; *Colvin* v. *Corwin*, 15 Wend. 557 ; *Lorillard* v. *Clyde*, 122 N. Y. 41.) The referee erred in allowing William H. Gedney to recover of da Cunha one-half of the rents he collected after July 1, 1890, in excess of the amount collected by him. (*Tripp* v. *Riley*, 15 Barb. 333 ; *Fobes* v. *Shattuck*, 22 Barb. 568 ; *Channon* v. *Lusk*, 2 Lans. 211 ; *Goodwin* v. *Griffis*, 88 N. Y. 638.) The conclusion that the estate of Charles is liable because the improve-

ments were beneficial to the estate is erroneous, not only because of the provision in the lease that the lessees were to make those repairs, but because it is not the law. (*Coakley* v. *Mahar*, 36 Hun, 157; *Scott* v. *Guernsey*, 60 Barb. 163; 48 N. Y. 106; *Taylor* v. *Baldwin*, 10 Barb. 582; *Ford* v. *Knapp*, 31 Hun, 522.)

*Charles A. Deshon* and *John F. Meyer* for respondents. Assuming the claim for the rents not to be separate and that the rule against splitting causes of action would ordinarily apply to such a claim, the rule is not applicable in this instance for the reason that William H. Gedney had no knowledge of the rents having been collected when he filed his claim, and his ignorance was due to the wrongful conduct of Charles Gedney in failing to inform him. (*Bagot* v. *Williams*, 3 B. & C. 235; *Johnson* v. *Ins. Co.*, 12 Mich. 216; *O'Dougherty* v. *R. P. Co.*, 81 N. Y. 496.) Where one tenant in common has received from others rents and profits of the common property, he is accountable in an action of assumpsit to his cotenant for his share. (Rice on Real Prop. § 414; Code Civ. Pro. § 1666; *Coakley* v. *Mahar*, 36 Hun, 157.) The various items of disbursement found in the referee's report were properly allowed. (Rice on Real Prop. § 413; *Ford* v. *Knapp*, 102 N. Y. 135; *Cosgriff* v. *Foss*, 152 N. Y. 104.)

Gray, J. In this action it was sought to have an accounting as to all matters between the estate of Charles Gedney, deceased, and William H. Gedney, a brother of the deceased.

Charles and William Gedney were the owners by tenancy in common of certain real estate in the city of New York. Charles died in 1887, leaving a will; of which the plaintiff and another are the executors. William filed a claim against his estate; which, having been disputed and referred for trial, resulted in a judgment in his favor. The claim, upon which he had thus recovered, related to certain rents collected by Charles in his lifetime from one of their properties, known as the Gedney House. Upon the accounting in the present

action, William claimed to be entitled to one-half of certain other rental moneys, collected by Charles in his lifetime and which were not reported to him, nor entered upon the books. This item of claim has been allowed and it presents one of the only two questions which we think necessary to discuss upon this appeal.

In behalf of the executor of Charles' estate, it is objected that there was error in allowing this item ; for the reason that what was due from Charles in his lifetime to William for rents, or other demands, was an entire claim and that the judgment recovered by William against the estate was a bar to a further recovery now. It is argued, in effect, that whether ignorance, or forgetfulness, of the amount due him was the reason for the omission to present this demand, neither fact could constitute a legal excuse available to William.

In this contention I think the appellant is quite mistaken and that the rule against the splitting of causes of action is not applicable to the present case. The item of William Gedney's claim, which is at present in question, has no relation to the rents collected by Charles from the Gedney House, to which the previous claim referred. The claim is for rents collected from another piece of property, belonging to the two brothers. The demands, therefore, were not identical, but were separate and distinct. The demand by William upon Charles' estate for his proportion of the rents collected by Charles from the Gedney House, in his lifetime, and his present claim for his proportion of the rents which Charles had collected from another piece of property, are several, as arising out of different acts, and separate actions were maintainable with respect to them. (*Bendernagle* v. *Cocks*, 19 Wend. 207; *Byrnes* v. *Byrnes*, 102 N. Y. 4.)

But there is another, and a sufficient, answer to the objection made with respect to this item of claim, and that is, even if it were possible to apply the rule against the splitting up of accounts, or demands, that the facts show here, and the referee has so found, that, at the time he filed his claim against the estate of Charles, William did not know that Charles had col-

lected the rents now in question. Of necessity, the splitting up of accounts, or demands, implies, on the part of the suitor, a conscious act, or knowledge. But here, with the established fact of no knowledge on the part of William, when he filed his previous claim against Charles' estate, of his also having a further demand growing out of Charles' act in collecting these rents, we have a perfect answer to the contention and the case is brought within a recognized exception to the general rule of law adverted to. (*Bagot* v. *Williams*, 3 B. & Cr. 235; *Stevens* v. *Tillett*, L. R. [6 C. P.] 174; *Bendernagle* v. *Cocks, supra.*)

Another question arising upon the accounting below relates to the allowance to William Gedney of one-half of certain rents, which the executor of Charles' estate had collected in excess of the amount received by William, at a period when the parties were undertaking to collect, each, his one-half of the rents. It seems that, after the death of Charles, and up to July 1st, 1890, William Gedney collected the rents of the Gedney House; but, subsequent to that date, by arrangement, William undertook to collect his one-half of the rents and the executor of Charles' estate undertook to collect his one-half. The rents were not collected for the full term of the lease by either, or by both together, and the tenants made their payments irregularly, usually, and on account. The executor of Charles' estate managed to collect the sum of $28,297.57; while William had only collected $24,166.64. William claimed to be entitled to one-half of the excess received by the executor of Charles, and it has been allowed to him. It is argued by the appellant, in substance, that the arrangement between the parties implied an agreement that each should collect his half, and that it estopped the one party from claiming a share of what the other party collected; neither one having collected more than what would be his share of the full rental. There was, however, no such agreement as the appellant claims, but only the verbal understanding, or arrangement, as the referee finds upon the evidence, for mutual convenience that each party should undertake the

collection of his half of the rents and should pay half of the disbursements. It contemplated the payment of the rental moneys secured by the leasing of the property. and in nowise could constitute, on the part of either, a waiver of his equal rights with his cotenant. Section 1666 of the Code of Civil Procedure expressly provides that a tenant in common of real property is entitled to recover his just proportion against his cotenant, who has received more than his just proportion; which, in the present case, would be the one-half of the excess collected by the executor of Charles' estate over what had been collected by William. In the absence of the proof of an agreement by which William had waived his legal rights, the principle expressed in the provision of the Code controls. (*Coakley* v. *Mahar*, 36 Hun, 157.)

No other question calls for any further expression of opinion on our part, and the judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed. _____