## NICHOLAS P. GREEN *vs.* JOHN P. WALKER *et al.*

### PROVIDENCE—MARCH 19, 1900.

PRESENT: Matteson, C. J., Tillinghast and Rogers, JJ.

(1) *Equity. Assignment of Mortgages.*

Under the provisions of Gen. Laws R. I. cap. 207, § 7, one of several mortgagors cannot, without the concurrence of the others, require an assignment of the mortgage.

(2) *Assignment of Mortgages.*

Independently of Gen. Laws R. I. cap. 207, § 7, a mortgagor cannot require an assignment of the mortgage by the mortgagee to a third party.

(3) *Mortgages. Redemption. Subrogation.*

*Semble*, where the conditions of a mortgage jointly executed by a complainant and another have been broken, and the co-mortgagor refuses to join with the complainant to require an assignment of the mortgage under the statute to a third party, the remedy of the complainant is to redeem the mortgage by paying the entire amount due. Thereupon he would be subrogated to the rights of the mortgagee so far as necessary to obtain contribution.

BILL IN EQUITY to compel the assignment of a mortgage under Gen. Laws R. I. cap. 207, § 7. Heard on demurrer to bill. Demurrer sustained.

MATTESON, C. J. This is a bill to enjoin the respondent, John P. Walker, from exercising the power of sale contained in a certain mortgage, and on payment of the sum due on the mortgage to require from him an assignment of the mortgage to some third person selected by the complainant. The respondents have demurred to the bill.

The bill shows that the mortgage was given by the complainant and one Lillie Walker, and covers a lot of land which, at the date of the mortgage, was owned by them as tenants in common. That subsequently Lillie Walker and the complainant made a partition by deed of the land, the westerly portion of which is now owned in severalty by the complainant, and the easterly portion by the respondent

Eliza Walker, wife of the respondent John P. Walker, to whom it was conveyed by Lillie Walker.

(1)    Under Gen. Laws R. I. cap. 207, § 7, the complainant, as one of the mortgagors, and the respondent Eliza Walker, who has succeeded to the rights of Lillie Walker, the other mortgagor, acting concurrently, might require an assignment of the mortgage, *Atwood* v. *Charlton*, 21 R. I. 568, but we do not think that either alone can do so by virtue of the statute.

(2)    Nor do we think that the complainant is entitled to require an assignment of the mortgage independently of the statute. All that can be required of the mortgagee independently of the statute is, on receiving payment, to release or discharge the mortgage. *Chedel* v. *Millard*, 13 R. I. 461; *Lamb* v. *Montague*, 112 Mass. 352; *Gatewood* v. *Gatewood*, 75 Va. 407.

(3)    The complainant's remedy is to redeem the mortgage by paying the entire amount due. *Taylor* v. *Porter*, 7 Mass. 355; *Calkins* v. *Munsel*, 2 Root (Conn.), 333; *Lyon* v. *Robbins*, 45 Conn. 513. On such payment he would become in equity an assignee of the mortgage for the purpose of compelling contribution from the owner of the other portion of the equity of redemption without any formal assignment of the mortgage to him; or, in other words, would be subrogated by operation of law to the rights of the mortgagee so far as might be necessary to obtain contribution. *Gatewood* v. *Gatewood*, 75 Va. 407; *Lamb* v. *Montague*, 112 Mass. 352; 2 Jones on Mortgages, § 1086.

Demurrer sustained.

*Edward L. Mitchell, Frederic E. Carpenter, and John P. Beagan,* for complainant.

*George T. Brown,* for respondents.