CASE 120—ACTION TO COMPEL DEFENDANTS AS JOINT OWNERS TO CON-
TRIBUTE IN REPAIRING THE JOINT PROPERTY—MAY 24.

# Hotopp, &c. v. Morrison Lodge, No. 76.

### APPEAL FROM HARDIN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL.  REVERSED.

TENANTS IN COMMON—ALLOTMENT TO EACH TENANT OF SEPARATE
PART OF BUILDING—JOINT LIABILITY FOR REPAIRS.

Held:  Where the trustees of a school and a benevolent lodge erected
jointly a building on a lot owned by the trustees, under an agree-
ment that the first story was to be used by the school and the
second story by the lodge, the parties are jointly liable for re-
pairs to the foundation of the building, and it was error to re-
quire the trustees to make such repairs at their own cost, and in
case they failed or refused to do so to authorize the lodge to
make the repairs, and adjudge a lien on the property to pay the
cost, but the court should have authorized the necessary im-
provement at the cost of both parties, and adjudged that in
case either refused to contribute the other be permitted to make
the repairs, and be adjudged a lien on the income from the por-
tion of his co-tenant for one-half the cost.

SPRIGG & CHELF, ATTORNEYS FOR APPELLANTS.

This controversy grows out of the fact that appellants, who are
trustees of Hardin Academy, do not feel that they have the right
or authority, and do not feel justified in going to an expense
which is not necessary to the present needs of the school in-
terest, simply to gratify the appellee herein by repairing this
old building for its benefit.

The court will see from the testimony that it is not worth
repairing.  The lower court held that appellee had no title or
ownership in the lot on which the building is located, but it had
the right to use the lower front hall, and the upper story, and
the right of ingress and egress to Mulberry street.  This, we
contend only gives appellee an easement in the property, and is
not a case of joint ownership, and, we dare say that this court
never heard of a servitude which had an obligation to repair
much less one by implication as the lower court has held in this
case.

AUTHORITIES CITED.

Acts of 1869, vol. 2, p. 686; Acts 1811, p. 126; Acts 1820, p. 153; Acts 1825, p. 94; Acts 1827, p. 20; Acts 1838, p. 80; Acts 1871, vol. 2, p. .292; Con. of Ky., secs. 183, 184; Ky. Stats., sec. 4437; 99 Ky. Rep., 213; same, 24; 10 Bush, 550; Civil Code, sec. 364; Jones on Easements, secs. 821, 822; Tiedman on Real Property, sec. 621, bottom page 595; Pierce v. Dyer, 12 Am. Rep., 716.

:S. H. BUSH, ATTORNEY FOR APPELLEES.

Soon after the appellant, trustees of the Hardin Academy, obtained a deed to the lot in controversy they made a contract with the appellee, by which it was agreed to erect a two-story brick building thereon, the first story to be used for school purposes, and the second story for lodge purposes; and a writing was agreed on as follows: "It is now agreed upon by a joint committee . . . that said lodge shall have, and the board of trustees guarantees to them, that said lodge and their tenants, and in case said lodge should deliver up its charter or dissolve, then to any regular body of Masons, working under the Grand Lodge or Grand Royal Arch Chapter of Kentucky, the free use of all that part of the building beyond the west parti- tion, and all the upper story, and all the ground in front of the building from the corner of the house to Mulberry street. . . ."

The petition alleges that appellee has recovered the building at its own expense, that the first story has not been used for school purposes, for over twenty years, that the walls of the first story are in bad condition, and are not a safe support for the up- per story, that the trustees of the Academy had forfeited its char- ter by non-use, that the building was not now fit for a school building, and not needed for one, and that the building and lot ought to be sold; that the appellants had refused to repair it and were renting it out as a wareroom, and asking that the appel- lants be compelled to repair it, or if that could not be done, that appellant's interest therein be sold, or that the whole build- ing and lot be sold and the proceeds divided equitably.

The appellants in their answer denied the ownership of ap- pellee, except an easement in the upper story, denied they had refused to repair the walls, and later, in an amended answer, stated that they did not feel like jeopardizing the lot by in- curring a debt, but would give appellee the right of going on the lot and making such repairs as they wanted.

The court referred the case to the Master Commissioner, to take proof and report what would be a reasonable cost of mak- ing such repairs as would make the walls safe, and the master

Hotopp, &c. v. Morrison Lodge, No. 76.

reported, that the repairs could be made at an expense of from $250 to $350. No exceptions were filed to the report. The court then ordered that the appellants be required to elect within thirty days whether or not they will repair the lower story, and if they fail to elect that the appellee has the right to make same and the costs thereof shall be a lien on lot and building, so far as appellants own it, to which they except and pray an appeal.

We submit that under the facts in this case the appellants are in fault, and are in good conscience bound to repair or contribute to the repair of the walls of this building, so as to make it a secure support for the upper story.

### AUTHORITIES CITED:

Rhodes v. McCormick, 4 Iowa, 375; Humphries v. Brogden, 12 Q. B., 747; Graves v. Berdan, 26 N. Y., 501; Anonymous 11, Mod., 7; Loving v. Bacon, 4 Mass., 575; Ottumwa Lodge v. Lewis, 34 Iowa, 67; Cheeseborogh v Green, 10 Conn., 318; Civil Code, 579.

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

In 1844 the predecessors of appellants, trustees of Hardin Academy, obtained title to a lot of ground in Elizabethtown, and shortly thereafter agreed with appellee to, and they did, erect jointly a two-story brick building on the lot, with the agreement that the first story was to be used by the school, and the second story to be used by the lodge for their purposes. In 1848 an agreement in writing was entered into, showing the rights of each party in the use of the premises. This contract seems to have been observed up till now. This writing does not contain any stipulations as to repairs that may become necessary, so that, if there was an express agreement in this regard, it was never reduced to writing. The foundation of the building being out of repair, and endangering the preservation of the building, appellee demanded of appellants that they make necessary repairs, at their own expense. Appellants declined to make the necessary repairs, but offered to permit appellee to make, at its

own expense, any repairs desired. The first story is not used for school purposes, and was not for some years, but is rented as a warehouse. Appellee continues to use the second story for its lodge room. Upon refusal by appellants to make the needed repairs, this action was brought by appellee to compel appellants to make the repairs to their part of the building, and, if this can not be done, for authority to make the needed repairs at the cost of appellants, or for a sale of a part of the lot to make the repairs. Appellants filed an answer presenting the fact that they were the owners in fee of the land and building, and that appellee by its contract had only an easement, a right of use and occupance of the second story of the building, and the necessary right of ingress and egress over the other property, and therefore it was not incumbent on appellants to repair the building or any part thereof. The case being submitted on the pleadings and exhibits, the court adjudged that appellants were the owners in fee of the property, and that appellee had a right of occupancy, by itself and successors, so long as it was used for the purposes of the Masonic order, of the second story, the hall, and stairway, and a right of ingress and egress over the lot to the street, and also adjudged that if the building needed repairs the appellants must make such at their own costs on the first story, so as to give support to appellee's part of the building; and on this question, as well as to the probable cost of the necessary repairs, the case was referred to the master commissioner for proof. Upon proof being taken by the master, the court adjudged that repairs were necessary for the preservation of appellee's rights, and directed appellants to elect within 30 days whether they would make the repairs themselves, and, in case they elected not to make

them, authorized appellee to make the repairs necessary, and adjudged a lien on the property to pay the cost thereof. From this judgment this appeal is prosecuted.

The written agreement filed with the petition, which was executed January 19, 1848, and signed by the predecessors of appellant, and by a committee representing appellee, shows that the house was erected jointly by both parties, under a written agreement that the appellee and its tenants were to have the use, sole and exclusive, of the second story, and the front hall and stairway, and the right of ingress and egress thereto, and also a room on the first floor fronting Mulberry and Poplar streets. This right was in perpetuity to appellee, and, upon its dissolution, then to any similar organization acting under the Masonic Grand Lodge or Grand Royal Arch Chapter of this State. This contract provides that it shall be recorded in the county clerk's office in a deed book, which appears to have been done in February, 1848. We are of opinion that this writing entered into by the two committees, and approved by the bodies represented, and recorded, evidences a joint tenancy in the building, with an allotment to each as to use and occupancy, and also a joint tenancy as to use of such parts of the lot as afford a way of entrance and exit to and from the part of the building to be used by appellee. This joint ownership of the building would, as we think, necessarly imply a joint obligation to repair, as necessity may require, such portions of the building as of necessity contribute to the safe, comfortable use by both tenants of his part. Such parts would be the foundation, the outside walls, roof, and such like parts. The foundation and walls are as necessary to the safe use of the second story as is the roof to the comfortable use

of the first. We are of opinion that these general repairs that are necessary should be made by both tenants jointly, and that each should bear his share of the common burden, as each enjoys a share of the common benefit. In this case the ownership is or may be considered equal, and the burden of repairs should be borne equally.

However, we do not think that repairs made by either without the aid of the other could ever become a lien on the property itself, so that in default of payment a sale could be adjudged. The appellants are trustees of school property, in which the whole community has an interest, and from which it is expected they may derive benefit. The exact terms and conditions of the trust do not appear herein; but it would be a rare case where improvements made by a joint tenant at his own instance, though necessary, could by decretal sale operate to destroy the trust estate entirely. Each share of the property should be made to bear its share of the needed improvements as designated, and to that end we think the chancellor would have the right and power, and in proper cases it would be his duty, to place the property in the hands of a receiver to rent out, and appropriate the rents to the discharge of the claim for improvements. In our opinion, the court erred in the judgment rendered in directing appellants, at their own cost, to make the improvements to the foundation walls, or, in case they failed or refused, authorizing appellee to make the improvement, and adjudging a lien on the property to pay same. In our opinion, the judgment should have authorized the necessary improvement made at the cost of both parties, each paying one-half, and, in case either refused to contribute, permitting the other to make the repairs necessary, and for the one-half the cost

adjudged a lien on the income from the portion of the one delinquent until his share be paid. Wherefore judgment appealed from is reversed, and cause remanded for further proceedings consistent herewith.

Chief Justice Paynter dissents.

Petition for rehearing, by appellant, overruled.