KATE YOUNG *et al.* v. W. H. BIGGER.

No. 14,498.        (84 Pac. 747.)

SYLLABUS BY THE COURT.

1. EJECTMENT—*Partial Recovery—Costs—Denial of . Plaintiff's Right Need Not be Alleged.* Where a petition in ejectment alleges a full title, and the answer includes a general denial, coupled with the statement that the defendant owns only a fractional interest in the property and has no information regarding the ownership of the remainder, the plaintiff, upon proof of partial title, is entitled to a proportionate recovery and to a judgment for his costs, such a case not being within the contemplation of the code provision requiring a tenant in common in suing a cotenant for the possession of real estate to allege that the defendant has denied his right.

2. —————— *Sufficiency of the Evidence.* The evidence examined and held not to support the judgment.

3. TENANCY IN COMMON — *Payment of Taxes by a Cotenant — Lien.* The owner of an undivided interest in real estate who is not in receipt of any income from it, and who has not ousted his cotenant, is entitled upon paying taxes on the entire property to a lien for the amount paid in excess of his proper proportion, which may be enforced against his cotenant's grantee who takes title by a quitclaim deed.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed February 10, 1906. Reversed.

*Thomas J. White,* for plaintiffs in error.

*Keplinger & Trickett,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: W. H. Bigger sued Kate and Nannie Young to recover the possession of a tract of land, and for mesne profits. The plaintiff's petition was general in form, and claimed a complete title. The answer included a general denial, coupled with a statement that the defendants owned an undivided nine-twentieths of the land and had no information as to who

owned the remaining interest. The plaintiff recovered a judgment for the possession of eleven-twentieths of the tract, for $132 as his share of the rental value for twenty months, for $55.15 on account of taxes paid on the entire property, and for costs. The defendants prosecute error.

Plaintiffs in error contend that the form of the plaintiff's petition was fatal to his recovery in this action because of the requirement of section 597 of the civil code (Gen. Stat. 1901, § 5084), which reads:

"In an action by a tenant in common of real property against a cotenant, the plaintiff must, in addition to what is required in section 595, state in his petition that the defendant either denied the plaintiff's right, or did some act amounting to such denial."

The contention is not well founded, for the reason that the plaintiff did not sue as a tenant in common, but as one having complete title to the property. That his evidence failed to support his claim in its entirety did not affect his right to recover the interest to which he established his title. (*Gatton v. Tolley*, 22 Kan. 678.) The defendants, by including in their answer a general denial, made an issue upon the question whether the plaintiff had a right to any part of the property, and, the proof being against them, they were properly taxed with the costs. The fact that their pleading only claimed title for themselves to nine-twentieths of the land, and recited that they had no information concerning the ownership of the remaining interest, has no bearing on the matter. Their denial of plaintiff's claim was no less effective because they avowed ignorance of the real fact, or because they asserted only a partial title for themselves. Moreover, there was some evidence tending to show that before the bringing of the action they had asserted an exclusive right of possession as against the plaintiff.

The evidence showed that in 1882 W. E. Winner,

having then a full title to the land, conveyed an undivided eleven-twentieths to E. H. Allen. A tax deed to the remaining nine-twentieths, the validity of which is not assailed, was issued to Robert Young in 1895, and the title so created passed to the defendants in 1897. On October 6, 1903, Winner executed a warranty deed to the entire tract to the plaintiff, but the instrument passed nothing, for the grantor had already conveyed away eleven-twentieths of his interest and the tax deed had extinguished his title to the remainder. On October 20, 1903, Allen quitclaimed his eleven-twentieths to the plaintiff. On November 18, 1902, a tax deed for the whole property was issued to B. G. Horton, who quitclaimed to the plaintiff on November 4, 1903. This deed was held to be invalid as a conveyance of title. It results from this evidence that at the time the action was brought the plaintiff owned eleven-twentieths of the land and the defendants nine-twentieths. The court so found, and the correctness of the finding is not challenged. The only remaining matters of controversy relate to the money awards.

The action was brought December 3, 1903. The trial was completed and the cause submitted to the court July 18, 1904. The decision was announced and judgment rendered November 19, 1904. The court found that the plaintiff was entitled to recover $132 as his proportionate share of the rent for twenty months. This finding seems to be based upon evidence of the reasonable rental value of the property. The plaintiffs in error claim that they were tenants in common who had not ousted their cotenant, and were only liable for a share of the rents actually received. In the brief of the defendant in error it is said:

"We recognize the rule that a party can only be liable for the amount of rents actually received, if that amount be shown. . . . It is not disputed that Young was in possession and rented and received the rent."

We have made no examination of the evidence to determine whether the case is one in which the defendants might be chargeable with the reasonable rental value of the property irrespective of the. amount actually received. We interpret, the language just quoted as an admission that it is not. Our attention is not called to any part of the evidence where it is shown that the defendants received any rent whatever. In such search of the record as we have been able to make we find none, and therefore conclude that upon the plaintiff's own theory the finding complained of was erroneous. The finding also appears to lack support from another standpoint. No explanation is offered of the period for which a recovery of rents was allowed. Plaintiff's title accrued, as has been stated, October 20, 1903. The judgment was rendered thirteen months later. The tax deed under which the plaintiff claimed, but which was held to convey no title, was issued twenty months before the time the cause was submitted, and it may be that through some inadvertence, such as confusing the date of the tax deed with that of Allen's deed to the plaintiff, this period was assumed to be that for which the defendants should be held accountable for rents.

The court allowed the plaintiff a lien upon the defendants' interest in the property for a proportionate amount of the taxes, the payment of which was evidenced by the tax deed that was held. to be invalid. The defendants complain of this on the ground that inasmuch as the plaintiff was a part owner of the property when Horton conveyed to him he was disqualified to acquire a tax title, that his attempted purchase of one operated as a redemption, and that he cannot take advantage of the statute requiring the reimbursement of the holder of a tax deed which is set aside on account of defects. There was evidence, however, that the plaintiff really bought the tax title before he had any interest in the property, although the deed in consummation. of the purchase was not

made until after he received the deed from Allen. It will not be necessary to determine the questions thus suggested. The defendants concede that the plaintiff was entitled to a lien on their interest in the land as for taxes paid, but say that he could not enforce it in this action because he had not pleaded a claim for contribution. We think no possible prejudice resulted to the defendants from the manner in which this matter was brought to the attention of the court, and that no error was commited in respect of the allowance made to the plaintiff for taxes paid.

The final error assigned is based upon the refusal of the court to allow the defendants to charge against the plaintiff a part of the taxes which they had paid upon the entire property before he acquired any interest in it. The taxes paid by the defendants upon the part of the property owned by Allen gave them a lien upon it, as against him. (17 A. & E. Encycl. of L. 686.) Bigger, when he bought from Allen, received only a quitclaim deed. He therefore stood in the shoes of the grantor. He acquired no higher right than Allen had had, and took the property charged with this lien. There is no showing that when these taxes accrued or were paid the defendants had ousted their cotenants or were in the receipt of any income from the property. We therefore think the court erred in not allowing the defendants credit for the taxes they had paid in excess of their due proportion. The judgment is reversed, and a new trial ordered.

All the Justices concurring.