**FREDERICK H. WHITEHEAD,**

*vs.*

**MORTIMER C. WHITEHEAD.**

*Sussex, Oct.* 1, 1935.

RICHARDS, J., sitting.

*Frank M. Jones*, for petitioner.

*Howard E. Lynch, Jr.*, for respondent.

RICHARDS, Judge. The important question for consideration in this case is whether Frederick H. Whitehead, one of the tenants in common, and the tenant in possession of the property since the death of Elizabeth H. Whitehead, has committed waste by cutting timber on the property for which partition is asked. What constitutes waste has been variously defined. Blackstone says, "waste is a spoil or destruction in houses, gardens, trees or other corporeal hereditaments, to the disherison of him that hath the remainder or reversion in fee-simple or fee-tail." 2 *Blackstone Comm.*, 281. The following definition found in 27 *Ruling Case Law* at *Page* 1012, expresses very well the later decisions of the courts on the subject:

" * * * Waste is an unreasonable and improper use and abuse, mismanagement, or omission of duty touching real estate by one rightfully in possession, which results in substantial injury thereto."

The early English doctrine was to the effect that anything which changed the character or nature of the land, notwithstanding the fact that it was an improvement thereto, constituted waste. This rule does not seem to have been strictly followed by the later English cases. The

changed conditions in this country made the strict English rule inapplicable here; and generally speaking, only such acts as are shown to be detrimental to the inheritance and contrary to the ordinary course of good husbandry are held to be waste. *Pynchon v. Stearns*, 11 *Metc.* (*Mass.*) 304, 45 *Am.' Dec.* 207; *Winship v. Pitts*, 3 *Paige* (*N.Y.*) 259; *Jackson ex dem. Church v. Brownson*, 7 *Johns.* (*N.Y.*) 227, 5 *Am. Dec.* 258; *Waples, et al., v. Waples*, 2 *Har.* (*Del.*) 281; 27 *Ruling Case Law* 1017.

The party charged with having committed waste in the case under consideration is a tenant in common, and the alleged act of waste is the cutting of timber. At common law a tenant in common was not liable to his cotenant for waste committed on the common property, but this rule was changed in England by the statute of 13 *Edward the First*, 38 *Cyc.* 1. Many of the states in this country now have statutes making tenants in common liable to their cotenants for waste. Our statute on the subject provides as follows:

"A tenant in common, joint tenant, or co-parcener, committing waste of the estate held in common, joint tenancy, or co-parcenary, shall be liable to an action of waste at the suit of his co-tenant" (*Rev. Code* 1915, § 3326).

This is not an action based on the above statute, but the court is asked to consider in a partition proceeding, whether one of the tenants in common has committed waste, and to adjust the equities between the parties. During the oral argument the contention was made on behalf of the petitioner, that the Orphans' Court did not have jurisdiction to decide the question involved.

*Article* 2 of *Chapter* 95 (*Rev. Code* 1915, § 3272 *et seq.*, as amended), confers upon the Orphans' Court jurisdiction in all partition proceedings, and after outlining the method of procedure, *Section* 32 (*Rev. Code* 1915, § 3301) contains this provision:

"For the purpose of effectuating the provisions of this Chapter, the Orphans' Court shall have, in addition to the jurisdiction and

powers already conferred upon it, general equity powers touching the subject matter of this Chapter and authority to make any order or decree not inconsistent with the provisions of this Chapter touching causes in partition, or matters incidental or pertaining thereto, which the right or justice of the cause may demand.

In the case of *Wilson, et al., v. Lank,* 12 *Del. Ch.* 413, 107 *A.* 772, which was a partition proceeding in the Orphans' Court in Sussex county, Lank claimed an allowance for certain improvements made to property, which he contended enhanced the value thereof. Chancellor Curtis, after referring to the general powers given to the Orphans' Court in partition proceedings under *Chapter* 95 of the *Code,* said:

"Having these powers the Orphans' Court has jurisdiction to determine the issues raised in this partition proceeding."

A similar question was raised in *Warner, et al., Receivers, v. Logue Realty Co.,* 11 *Del. Ch.* 474, 107 *A.* 449, and it was also held that the Orphans' Court had jurisdiction. It must be admitted that an act which enhances the value of property is not the same as one which diminishes its value, but the same principle applies in considering the jurisdiction of the Orphans' Court to decide the issues involved by the commission of such acts.

In view of these decisions and the statute above referred to, there can be no doubt that the Orphans' Court has the authority to determine whether waste has been committed by this petitioner.

Considerable testimony was taken in support of the answer to show the number of trees of various kinds cut by the petitioner. One witness testifying that as many as 2,051 trees had been cut within a period of three years; stating that he was able to tell this by the condition of the stumps which he had found. He had never been in the timber business and his knowledge of the timber was simply that of the average farmer. This was denied by witnesses who testified for the petitioner. Particularly, one man who had been in the timber business for thirty years testified that it

was impossible to tell how long a tree had been cut by the condition of the stump. Evidence was also produced to show that Elizabeth H. Whitehead, the mother of these tenants in common, had cut timber on the property prior to her death in 1930. The evidence as to the number of trees cut by the petitioner, Frederick H. Whitehead, is not convincing and I am unable to accept it. There is no doubt that the general principles of the law in respect to the commission of waste applies to tenants in common; and it is likewise true that a tenant in common cannot commit any act, without the consent of his cotenant, affecting real estate held by them, which does substantial injury thereto. Many decisions in this country now take the view, that a tenant in common who has paid debts or obligations for the benefit of the joint property, or has discharged liens or paid taxes imposed upon it, is entitled to a contribution from the other tenants in common for their proportionate part of the amount paid. In fact, the weight of authority so holds. *Wilmon v. Koyer*, 168 *Cal.* 369, 143 *P.* 694, *L. R. A.* 1915*B*, 961; *McNamara v. McNamara*, 167 *Iowa*, 479, 149 *N. W.* 642; *Young v. Bigger*, 73 *Kan.* 146, 84 *P.* 747; *Hogan v. McMahon*, 115 *Md.* 195, 80 *A.* 695, *Ann. Cas.* 1912*C*, 1260; *Ford v. Knapp*, 102 *N. Y.* 135, 6 *N. E.* 283, 55 *Am. Rep.* 782; *Clark v. Lindsey*, 47 *Ohio St.* 437, 25 *N. E.* 422, 9 *L. R. A.* 740; *Green v. Walker*, 22 *R. I.* 14, 45 *A.* 742; *Dunavant v. Fields*, 68 *Ark.* 534, 60 *S. W.* 420; *Gedney v. Gedney*, 19 *App. Div.* 407, 46 *N. Y. S.* 590; *Id.*, 160 *N. Y.* 471, 55 *N. E.* 1; *Ballou v. Ballou*, 94 *Va.* 350, 26 *S. E.* 840, 64 *Am. St. Rep.* 733; *Hotopp v. Morrison Lodge No.* 76, 110 *Ky.* 987, 63 *S. W.* 44.

In the case of *Dunavant v. Fields, supra*, a bill in equity was filed asking for partition of certain lands held by tenants in common. The Court held that one of the tenants in common who paid certain expenses, improvements and taxes, was entitled to an allowance therefor.

In the case of *Ballou v. Ballou, supra*, which was a

petition for partition of lands held by tenants in common, one of the parties claimed an allowance for repairs and the Court said:

"Allowance of compensation for improvements is, in all cases, made, not as a matter of legal right, but purely from the desire of the court to do justice, and therefore the compensation will be estimated so as to inflict no injury on the co-tenant against whom the improvements are charged."

In the case of *Sarles v. Sarles,* 3 *Sandf. Ch. (N.Y.)* 601, the erection of a new outbuilding with timber from the farm, in place of one which was in a ruined condition, was held not to be waste.

The petitioner admits that he cut and sold timber from the property for which he received the sum of $303.00 on one occasion and $1058.25 on another occasion. He claims the greater part of said sum of $303.00 was used to pay insurance and taxes, and Mortimer C. Whitehead was paid his part of the remainder, amounting to $30. Mortimer C. Whitehead admits that the sum of $30 was paid to him by Robert Clendaniel which he understood was in connection with a settlement for timber sold to him. It is also claimed that the sum of $1,058.25 was spent for taxes, insurance and repairs to a tenant house, but the items enumerated only amount to $840.05 leaving a balance unaccounted for of $218.20. The purposes for which the proceeds derived from the sale of the timber appears to have been spent were not for the benefit of the petitioner alone, but the other tenant in common was equally benefited. Not only was it necessary to keep the building on the property insured, but the premiums had to be paid to keep the insurance in force, and both tenants in common would have suffered a very serious loss if the buildings had burned without insurance.

The payment of taxes was likewise equally beneficial to both of the interested parties. Their payment was absolutely necessary in order that the tenants in common might prevent the sale of the property and retain their

title to it. The repairs to the tenant house were also advantageous to both of the tenants in common, because it increased the value of the house and thereby enhanced the value of the property. After carefully considering the conditions under which the timber in this case was cut and the manner in which the greater portion of the money derived therefrom was used, I am of the opinion that the acts of the petitioner in cutting said timber did not constitute waste. The petitioner has failed to account, however, for a portion of the money he admits was received by him, namely $218.20 and the respondent, Mortimer C. Whitehead, is entitled to one-half of said amount, or $109.10.

It is, therefore, hereby ordered and directed that the petitioner Frederick H. Whitehead pay to the respondent, Mortimer C. Whitehead, the said sum of $109.10, said payment to be made before final disposition of the above mentioned partition proceedings.

And it is hereby further ordered and directed that the costs incurred by the hearing in this matter and the taking of testimony in connection therewith be and the same are hereby made a part of the costs of the partition proceedings.