January 14, 1974.

Record No. 8244.

Present, All the Justices.

*Oldric J. LaBell, Jr. (Philip L. Avis; Ford, Avis, Avis, Scott & Saunders,* on brief), for appellants.

*James A. Eichner (Allen, Allen, Allen & Allen,* on brief), for appellees.

I'ANSON, J., delivered the opinion of the court.

Plaintiffs, Charles L. Jones and Mary C. Jones, his wife, instituted this suit in the court below against the defendants, Jones' mother and seven of his eight brothers and sisters, for partition of a 15.02-acre tract of land in the City of Newport News, Virginia.

The bill and the amended and supplemental bill of complaint, so far as pertinent here, alleged that Charles L. Jones' father, C. Houston Jones, Sr., was seised and possessed of a one-half undivided interest in the 15.02-acre tract at the time of his death, and that Charles L. Jones was the owner of the other one-half undivided interest; that C. Houston Jones, Sr., was survived by his widow, Mabel P. Jones, and nine children, namely: C. H. Jones, Jr., J. W. Jones, Ann Jones, Louise

T. Rowe, C. E. Jones, Frances J. Newell, Roberta J. Coates, G. M. Jones, and Charles L. Jones; that Charles L. Jones inherited from his father a 1/18th undivided interest in the property, and that he and his wife, Mary, acquired by deed the 1/18th undivided interest of Charles' sister Roberta J. Coates, which 2/18ths interest was subject to the widow's dower; and that Charles L. Jones, beginning in 1950 and continuing for several years, had spent out of his own funds the total sum of $12,738.77 for materials in constructing a dwelling house known as 44 Menchville Road on the jointly-owned property. The prayers of the bill and amended and supplemental bill were: (1) that the property be partitioned in kind, or sold, and a proper division be made of the proceeds; (2) that Mabel P. Jones' dower be assigned to her; and (3) that Charles L. Jones be reimbursed out of the proceeds of the sale the amount he had spent on the 44 Menchville Road property.

The defendants asserted in the pertinent part of their answers to the bill and amended and supplemental bill that C. Houston Jones, Sr., had constructed two dwelling houses on the 15.02-acre tract out of his own funds. One of the houses, located at 42 Menchville Road, was used as a residence by C. Houston Jones, Sr., and his family, and the other, located at 42-B Menchville Road, was rented. They asked for an accounting to ascertain the respective values of the improvements and their interests in the 15.02-acre tract as heirs and successors in title to C. Houston Jones, Sr.

The cause was referred to a commissioner in chancery to take evidence and report his findings and recommendations to the court pursuant to its decree.

At the hearing before the commissioner, all the parties agreed that the pertinent allegations in the bill and amended and supplemental bill and in the answers were true.

The material evidence, taken in the form of depositions, shows that the house constructed on the property by Charles L. Jones has an appraised value of $23,108, and that the two houses erected by C. Houston Jones, Sr., have an appraised value of $33,813.

The 15.02 acres, with the buildings and improvements thereon, have an appraised value of $114,671.

The owners of the property, with their respective interests, are as follows: (a) Mabel P. Jones, 1/3 interest for life in the one-half undivided interest owned by C. Houston Jones, Sr., at the time of his death; (b) Charles L. Jones, 1/2 undivided interest in the entire tract;

(c) Charles L. Jones, 1/9th undivided interest in one-half of the property, subject to the life estate of Mabel P. Jones; (d) Charles L. Jones and Mary G. Jones, 1/9th undivided interest in one-half of the property, which interest was acquired from Roberta J. Coates, et vir., subject to the dower of Mabel P. Jones; (e) C. H. Jones, Jr., J. W. Jones, Ann Jones, Louise T. Rowe, C. E. Jones, Frances J. Newell and G. M. Jones, each a 1/9th undivided interest in one-half of the property, subject to the dower of Mabel P. Jones.

The commissioner made the following report and recommendations insofar as relevant to the issues on this appeal: (1) that the widow's dower be assigned in the 42 Menchville Road property with the accompanying lot, agreed upon by the parties; (2) that the remainder in the parcel assigned as the widow's dower not be sold until her death; (3) that the parcels consisting of 44 and 42-B Menchville Road and the balance of the tract be sold, excluding the widow's dower; (4) that Charles L. Jones be reimbursed out of the proceeds of the sale of the property the sum of $12,738.77; (5) that no compensation be allowed for the improvements placed on the property by C. Houston Jones, Sr.; and (6) that after the payment of $12,738.77 to Charles L. Jones, certain debts of C. Houston Jones, Sr., and miscellaneous expenses and costs out of the proceeds of the sale of the property, the residue be divided as follows: Charles L. Jones, 11/18ths; and C. H. Jones, Jr., J. W. Jones, Ann Jones, Louise T. Rowe, C. E. Jones, Frances J. Newell and G. M. Jones, each 1/18th.

Objections by all the parties to the commissioner's report were overruled by the chancellor and it was confirmed. But upon a rehearing the chancellor amended his decree and directed that the remainder in the parcel assigned to the widow as her dower be sold along with the other parcels prior to her death.

Most of the defendants applied for and we granted them an appeal to the decree. Although they assigned several errors, all were abandoned except two, namely: that the court erred (1) in allowing Charles L. Jones compensation for the improvements he made on the property out of the proceeds of the sale, and (2) in disallowing compensation for the improvements made by C. Houston Jones, Sr., their predecessor in interest.

Generally, a joint tenant who at his own expense has constructed permanent improvements on property owned in common is entitled in a partition suit to compensation for the improvements, even in the absence of a showing that his cotenant assented thereto. The rule is

founded on the desire of the court to do justice and to prevent unjust enrichment of one cotenant at the expense of the other. But in a partition suit the amount of the compensation, in the absence of an agreement with the other tenant or tenants, is limited to the amount by which the value of the property owned in common has been enhanced by the improvement. *Shotwell* v. *Shotwell*, 202 Va. 613, 618, 119 S.E.2d 251, 255 (1961); *Dalgarno* v. *Baum*, 182 Va. 806, 808, 30 S.E.2d 559, 560 (1944); *Ballou* v. *Ballou*, 94 Va. 350, 352, 26 S.E. 840 (1897).

The sum spent by Charles L. Jones in improving the 15.02 acres was not the proper measure of compensation allowable to him. The enhanced value of the property resulting from the improvements made by Charles L. Jones was the proper measure of compensation in the absence of an agreement to the contrary between him and his father. There was no evidence of any agreement to the contrary. Thus it was error to allow Charles L. Jones reimbursement of the sum of money that he had spent in improving the property.

Moreover, a cotenant in a partition suit is entitled to compensation for his improvements only to the extent that they may exceed in value those made by his cotenant. *Ballou, supra*, 94 Va. at 351, 353, 26 S.E. at 840, 841.

In the present case the improvements made by C. Houston Jones, Sr., enhanced the appraised value of the property by $10,705 in excess of its value resulting from the improvements made by Charles L. Jones.

As a general rule, any right which a cotenant has to an allowance for permanent improvements on common property may be enforced by a successor in interest of the cotenant. 20 Am. Jur. 2d, Cotenancy and Joint Ownership, § 64, at 159.

Since the improvements placed on the property by C. Houston Jones, Sr., enhanced its value in excess of the value of the improvements made by Charles L. Jones, the successors in interest of C. Houston Jones, Sr., were entitled to compensation to the extent the improvements made by their predecessor in interest enhanced the value of the property over the improvements made by Charles L. Jones. Thus it was error to deny compensation to the defendants as successors in title to the one-half undivided interest of C. Houston Jones, Sr. The heirs of C. Houston Jones, Sr., are entitled to the following shares in the compensation: C. H. Jones, Jr., J. W. Jones, Ann Jones,

Louise T. Rowe, C. E. Jones, Frances J. Newell and G. M. Jones each 1/9th, and Charles L. Jones 2/9ths.

After payment of the compensation to the heirs of C. Houston Jones, Sr., certain debts of the decedent, and other expenses and costs out of the proceeds of the sale of the property, the residue shall be divided as follows: Charles L. Jones, 11/18ths; and C. H. Jones, Jr., J .W. Jones, Ann Jones, Louise T. Rowe, C. E. Jones, Frances J. Newell and G. M. Jones, each 1/18th.

For the reasons stated, the decree of the court below is

*Affirmed in part, reversed in part, and remanded.*