# CIRCUIT COURT OF FAUQUIER COUNTY

Larry Clem

    v.

Deborah Reynolds

March 12, 2009

Case No. CL07-287

BY JUDGE JEFFREY W. PARKER

This matter was initiated as a partition suit of real property and, as a result of the counterclaim filed by the Defendant, evolved into an accounting between joint tenants for amounts paid and received during their joint tenancy. The parties acquired the subject real estate in August 2001 as their residence. They never married. Title was taken as joint tenants with right of survivorship. At the time the property was purchased, Ms. Reynolds fronted the cash necessary to buy the property for a total amount of $86,408.35. A mortgage in the amount of $90,000.00 securing a promissory note was executed by the parties.

The parties terminated their relationship on December 19, 2006, but Ms. Reynolds continued to reside in the real estate. Ultimately, the property was sold during the course of the litigation and the proceeds placed in escrow. A partial distribution was made by agreement and evidenced by Court Order on October 15, 2007.

During the parties' residence in the subject property, the indebtedness was refinanced three separate times. The documentation shows that Mr. Clem received cash directly into his accounts on the first and third refinance. No settlement statement was submitted into evidence regarding the second

refinance. Both parties made mortgage payments during the period of their joint ownership; however, Mr. Clem made the majority of these payments. The parties now seek a final accounting.

*Analysis*

Although this real estate was owned jointly and although the parties lived in a relationship analogous to marriage, there is no procedure in Virginia akin to equitable distribution for unmarried parties. Nonetheless, the parties seemed to have the belief, at the outset of this proceeding, that factors that would ordinarily be considered by the Court in an equitable distribution hearing should be considered in the distribution of the equity of this property. Such is not the case, and the Court instead will resort to real property law and accounting principles in order to make the distribution. *See Tiller v. Owen*, 243 Va. 176, 413 S.E.2d 51 (1992).

Ms. Reynolds testified that she provided the cash for the purchase of the property. This allegedly came from real estate she previously owned in her name only. The Court will not look behind her title to impose a constructive trust (or any other type of credit consequence) that Mr. Clem might feel entitled for any monies he claims to have paid her in reference to her property. Both parties, as co-purchasers of the subject property, are obligated to advance equal shares in the purchase of the property. See 5A Michie's Jurisprudence, *Cotenancy*, § 38 (2002). Further, "Where there is a joint purchase of land by two to whom it is conveyed . . . in the absence of proof of any agreement between them to the contrary, they are entitled to the land in equal proportion." *Smith v. Alderson*, 116 Va. 986, 83 S.E. 373 (1914), citing *Jarrett v. Johnson*, 52 Va. (11 Gratt.) 327 (1854). Therefore, Ms. Reynolds is entitled to credit for the full amount of her down payment.

However, the parties are not entitled to monies for "improvements" unless those improvements increase the value of the real estate. *Jones v. Jones*, 214 Va. 452, 455, 201 S.E.2d 603 (1974). The Court received no testimony as to the increase in value from any monies paid for improvements. However, the Court did receive testimony from Mr. Clem regarding the amounts he spent for repairs to the property in the amount of $1,596.68, and this amount will be credited to him.

There is no point in calculating (or factoring into the accounting) amounts which would be credited or subtracted equally from both sides. Therefore, the Court in the accounting set forth, simply placed amounts positive or negative based upon proof received, which it believed, in its

discretion, was sufficient to allow those sums to be credited or debited to either party. Amounts that were not factored in were disallowed based upon insufficient evidence adduced at trial.

The Court was satisfied as to the proof presented on cash payment figures to Mr. Clem and as to payments allegedly made by him. The Court also tracked against Ms. Reynolds' share amounts shown in settlement statements paid for legal fees incurred on her behalf and to the Hecht Co. After taking these sums and netting them out proportionately, the total amount owed by Mr. Clem to Ms. Reynolds is $40,440.14.

The Court received evidence that there remains $18,877.41 in escrow. This sum should be paid to Ms. Reynolds leaving a balance of $21,562.73 owed to her, which is to be paid by Mr. Clem as a result of the disproportionate sum he has already received, or had the benefit of, from his share of the equity. See 5A Michie's Jurisprudence, *Cotenancy*, § 39 (2002).