GEORGIANNA WILSON and MARY R. WEBB,

*vs.*

J. CLARENCE LANK,

*Sussex, Aug.* 2, 1919.

Determination of the issues of enhancement of value by improvements by a tenant, and his right to allowance therefor in partition, is within the jurisdiction of the Orphans' Court.

Where one tenant in common improves the premises, the cost of improvements is not necessarily the measure of his rights to compensation or allowance on partition, but it is the enhancement in value therefrom, which must be shown, that is to be considered.

It is the wiser, simpler, and more satisfactory course, in partition, in which claim for improvements is made, for the court to hear the cause; rather than to appoint commissioners to act under instructions.

PETITION FOR PARTITION. In this partition cause wherein there are three tenants in common together entitled to three parcels of land as remaindermen on the termination of a life estate, the respondent, J. Clarence Lank, filed a cross petition claiming that he lived with his mother, the life tenant, during her tenancy and made certain designated additions and improvements to tract number one, which were necessary, substantial, permanent and useful, made in good faith, and not made for the purpose of ornamentation, or to embarrass, encumber or hinder the other co-tenants respecting the premises; and that the value of tract number one was greatly enhanced thereby. He prayed that the amount of the enhanced value be ascertained by the Court, or by commissioners appointed for the purpose, and that he be given the benefit of such enhancement; or that he be allowed to remove such of the improvements as are removable without detriment; and averred his willingness to account for the reasonable worth of his use and occupation of the premises since the death of the life tenant.

On June 2, 1919, the attorney for the other parties appeared to the cross petition, and the right to file the cross petition was argued, and leave was given to the other parties to answer the cross petition. Since the argument one of the other parties has

filed an answer to the cross petition raising issues of fact as to the character of the improvements, and in general alleging that they were made for the temporary use and benefit of the improving tenant in common, and denying the enhancement of value.

CURTIS, P. J., and CONRAD, J., sitting.

*Daniel J. Layton, Jr.,* for the cross petitioner J. Clarence Lank.

*Robert C. White,* for the original petitioners.

CURTIS, P. J. (after making foregoing statement, delivering the opinion of the Court):

It is not necessary at this time to do more than decide as to the jurisdiction of the Court to adjudicate the rights of the parties, and to indicate the procedure to be used for the purpose.

Partition of land among tenants in common is an ancient part of the jurisdiction of Courts of Chancery, independent of statutes, and this is true in Delaware. *Bradford v. Robinson,* 7 *Houst.* 29, 30 *Atl.* 670. For many years partition between tenants in common in Chancery was regulated as to procedure by statute, and partition between co-parceners as to intestate land was by statute vested in the Orphans' Court. Recently, by statute, all judicial partitions are had in the Orphans' Court. Even if the Orphans' Court did not have equitable powers in partition independent of statutes, such powers have been expressly given by statute. By section 32, of chapter 95, section 3301, page 1519, of the Revised Code, for the purpose of effectuating the law as to partitions, that Court is given "general equity powers" and authority to make orders touching partitions or matters incidental or pertaining thereto, which the right or justice of the cause may demand. Furthermore, by section 3283 of the Revised Code, the proceeds of sale in such causes are to be divided among the parties "according to their several interests and the rules of law and equity." Having these powers the Orphans' Court has jurisdiction to determine the issues raised in this partition proceeding.

In this State, so far as disclosed, there is no reported decision on the question raised here, but in a partition cause in New Castle County, (*Warner, et al., vs. Logue Realty Co.,* 11 *Del. Ch.* 474,) Judge Rice considered the general question and gave relief to a

tenant in common seeking compensation for what had been done to enhance the value of the land held in common. In 1916, Warner and others, Receivers of Horrigan Contracting Company, filed a petition for partition of land held by that company and Logue Realty Company as tenants in common, and after the property had been sold by order of the Court, the latter company claimed, among other things, that the land in question, an unimproved lot, had been enhanced in value by the filling in thereof by the then tenant in common under whom the Logue Company claimed part ownership. In that case there was an agreement, verbal or otherwise, between those who were the tenants in common at the time the lot was improved, that the one making the improvement should be compensated therefor. It being found by the Court that the value of the lot had been increased to a sum in excess of the amount expended in filling it in, the Court held that in addition to its one-half of the fund for distribution, the grantee of the improving tenant was entitled to one-half of the cost of the improvement. The decree of distribution, dated March 27, 1917, is recorded in Orphans' Court Record J, volume 2, page 99.

The Court recognized the general rule on the subject, where there was the consent and approval of the co-tenant of the improving tenant in common, and thus stated the matter:

"It has very generally been held where land is owned in common and one of the tenants with the consent and approval of his co-tenant, in good faith and without embarrassment to the co-tenant, makes substantial and permanent improvements to the land, that in a partition proceeding for a division of the land, the court will as a matter of equity take into consideration the improvements, and assign to the improving tenant that half of the land which has been improved where it is practical to do so without prejudice to the interests of the co-tenant.

"It has also likewise been held, but not so generally, where the land cannot be equitably divided, and the land is sold under partition proceedings, and one of the tenants has made improvements to the land with the consent of his co-tenant, that the improving tenant will be compensated proportionately for the enhanced value of the land by reason thereof, out of the proceeds of the sale. The reason being that when one of the tenants has by his improvements enhanced the value of land owned in common, without injury or embarrassment to his co-tenant, the other tenant as a matter of equity should contribute his share for the improvements before being allowed to

receive the benefits of the same. He is not under such circumstances permitted to receive benefits at the expense of the improving tenant."

In the opinion in the case above referred to the Court stated correctly pertinent general principles of law which are very firmly established elsewhere both on reason and authority. The questions now raised are different, for here there is a denial of consent of the other co-tenants to the improvements and of knowledge thereof until after they had been made. Also the improvements were made during a life tenancy. These and other disputed, relevant matters make it unwise to consider those principles of law as applicable here.

It should be stated, however, that where one tenant in common improves the premises the cost of the improvements is not necessarily the measure of his rights to compensation or allowance, but it is the enhancement in value of the premises by reason thereof which is taken into consideration on equitable principle, and this enhancement must be shown.

Just what form of relief should be granted, if any, will necessarily be determined after hearing the cause, for there is more than one way of doing justice to a tenant in common who has improved property held in common.

As to the method of procedure to ascertain the facts and apply the law, it seems that the wiser, simpler and most satisfactory course is for the Court to hear the cause, rather than to appoint commissioners for the purpose to act under instructions as to the law.

Therefore, the cause will be set down for hearing by the Court on oral testimony produced before it at a time to be fixed.