GEORGE O. MOSELEY _vs._ HARRY K. MOSELEY & others.

Hampden.     September 22, 1921. — October 17, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

_Probate Court,_ Jurisdiction. _Equity Jurisdiction,_ Accounting in partition proceedings. _Judgment._

The jurisdiction in equity given to the Probate Court by G. L. c. 241, § 25, in partition proceedings is limited, so far as matters of accounting are concerned, to such matters as have reference to the land to be partitioned and which grow out of the relations of the tenants as part owners.

The Probate Court has no jurisdiction of a petition by one brother against another seeking an accounting as to an agreement in writing between them, which the petitioner alleged that the respondent had broken, and which related to the support and care of their mother and the use, maintenance and repair during the lifetime of their mother of certain real estate of which they were tenants in common, and seeking further that a fund realized by a sale by a commissioner appointed in proceedings for the partition of the real estate be applied in accordance with a decree made upon such accounting.

The mere fact, that some of the items in the accounting sought by the petition

above described related to taxes upon and rents from the real estate in question and arose by reason of an alleged failure of the respondent to carry out the agreement with the petitioner, did not give to the Probate Court jurisdiction of the petition, it appearing that, in adjusting the account, all the provisions of the contract would be involved and that the account could not be taken without considering matters, some of which did not concern the land.

At common law, the mere occupation of the common property on the part of one of two tenants in common of certain real estate does not entitle his cotenant to call him to account therefor when it does not appear that there was an agreement that he should pay for such occupation.

The Probate Court has no jurisdiction of a petition for relief, by means of an accounting between the petitioner and the respondent as tenants in common of certain real estate sold in partition proceedings, from a judgment obtained against the petitioner by the respondent in an action in the Superior Court relating to "contribution for repairs" of the real estate, in which no process was served upon the petitioner, a non-resident, and to which he had a good defence.

PETITION, filed in the Probate Court for the county of Hampden on April 14, 1921, against Harry K. Moseley, the Hampden National Bank and Robert C. Parker, with allegations described in the opinion and praying that the court "hear and determine all matters of accounting between the parties to the petition and that the court order distribution of the proceeds of" a sale in proceedings in partition of certain real estate of which the petitioner and the respondents Harry K. Moseley and the Hampden National Bank were tenants in common, and that the commissioner appointed in the proceedings in partition be appointed a receiver to take possession of the funds received from the sale and to hold and dispose of them as the court should determine.

The respondent Parker filed an answer. The respondent Harry K. Moseley demurred on the ground that the petitioner had "not stated in his bill such a cause as entitles him to any relief in equity against" him. The demurrer was heard by *Long,* J., and by his order a decree was entered sustaining the demurrer and dismissing the bill. The petitioner appealed.

*C. E. Bell,* for the petitioner.

*J. L. Gray & R. T. King,* for the respondent Harry K. Moseley, submitted a brief.

*F. A. Ballou,* for the respondent Robert C. Parker, also submitted a brief.

CARROLL, J. In this petition, dated April 9, 1921, in the Probate Court of Hampden County, it is alleged that pursuant to a petition for partition and sale of certain real estate a commis-

sioner was appointed and the property was sold at public auction on January 12, 1921, to Harry K. Moseley, hereafter referred to as the respondent. It is stated that in February, 1911, the petitioner and the respondent entered into an agreement in writing (a copy of which is annexed to the bill), which provided for the support of their mother, and that she, together with the petitioner, the respondent and John M. Noble were parties to the agreement. It stipulated that the respondent was to board and care for his mother during her lifetime and was to have the use and income of the estate therein described during her lifetime or as long as he continued to support her, and that he was to pay all taxes and keep the buildings in ordinary repair. The contract also contained provisions for the payment of expenses for painting, plumbing and shingling the house, for the payment by the petitioner and John M. Noble of a certain sum to the mother each week, and that the expenses for nursing and care of the mother in case of sickness, the expenses of her funeral and of that of the late John Moseley were to be borne by the petitioner, the respondent and John M. Noble. It was agreed that the farming tools belonging to the late John Moseley were to belong to the respondent. The contract also contained stipulations relating to the cutting of wood and timber and the disposition of the hay and grain on the premises. The mother died in August, 1918. It is averred in the petition that the petitioner has performed all the covenants and agreements to be by him performed according to the written contract; that the respondent has failed to pay the taxes, has failed to pay rent for the premises and has neglected to perform the covenants made in his behalf, to the damage of the petitioner. It is also alleged that the petitioner is not a resident of this Commonwealth; that the respondent recovered judgment against him by default in the Superior Court for Hampden County; that no service of the writ was made upon him; that the cause of action upon which judgment was obtained was for "contribution for repairs;" and that he has a good defence to said action. The prayer of the petition is for the court to hear and determine all matters of accounting between the parties, for the appointment of a receiver and the distribution of the proceeds of the sale of the real estate. The respondent demurred. The demurrer was sustained. A

decree was entered dismissing the bill, and the petitioner appealed.

Under G. L. c. 241, § 25, the Probate Court in partition proceedings is given jurisdiction in equity over all matters relating to the partition, and in case of sale over the distribution of the proceeds; to hear and determine all matters of accounting between the parties to the petition in reference to the common land, and to appoint one or more receivers. This jurisdiction is to be exercised according to the usual course of proceedings in the Probate Court. The authority of the Probate Court to determine all matters of accounting between the parties is limited to such matters as have reference to the land to be partitioned and which grow out of the relation of the tenants, as part owners. The statute does not confer on the Probate Court the jurisdiction which courts of equity possess in cases where an account between parties is to be adjusted. The jurisdiction of the Probate Court is confined to the settling of accounts concerning the land held in common between the owners as owners; it does not extend to the taking of accounts between owners which result from other relations, or from a contract pertaining to matters other than the common land.

The petitioner asks for an accounting in the matter of taxes and rents because the respondent failed to carry out the terms of the written agreement, but in adjusting the account, all the provisions of the contract are involved and the account could not be taken without considering these matters, some of which do not concern the land. And as the petition is framed, relief is sought because of the respondent's breach of this written contract. The Probate Court has no jurisdiction in such a proceeding; jurisdiction is not conferred on it to adjust the accounts of the parties to a contract merely because they are cotenants and partition has been decreed. The accounts must relate to the land and the bill must be so framed as to bring the accounts within the terms of the statute under which relief is sought. It must appear that the accounts have reference to the land held in common, and do not arise from collateral transactions; and the averments of the petition for an accounting in accordance with the statute must show that relief is sought under the statute and according to its terms.

Under G. L. c. 241, § 28, where there is a mortgage, attachment or other lien, on the share of a tenant, in the event of sale the lien is in force upon the share of the part owner in the proceeds, and may be enforced as provided in § 19. And if improvements are made compensation may be awarded. G. L. c. 241, § 23. *Sunter* v. *Sunter*, 190 Mass. 449, 456. But the averments of the bill show that the petitioner does not seek relief under these provisions of the statute, but solely by reason of the breach of the terms of the written contract.

The petitioner also asks for an accounting for the use and occupation by the respondent. The mere occupation of premises owned in common by one of two tenants, apart from the statute, in the absence of an agreement by the tenant in occupation to pay therefor, does not entitle his cotenant to call on him to account. *Kirchgassner* v. *Rodick*, 170 Mass. 543. For the use and occupation as well as for the taxes paid, the petitioner has not stated such a case as entitled him to relief in the Probate Court under the statutes relating to the partition of land.

The Probate Court has no jurisdiction to grant him relief from the judgment rendered against him in the Superior Court.

As we have said, under the frame of the petition the Probate Court could not grant the petitioner's prayer, and its action in sustaining the demurrer was right.

*Decree affirmed.*