LE ROY ZUBLER ET AL., RESPONDENTS, v. BENJAMIN H. PORTER, APPELLANT.

Argued November 29, 1922—Decided March 5, 1923.

1. An estate by the entirety amounts to a tenancy in common between husband and wife for their joint lives, with remainder to the survivor; but the husband can transfer his right to a third party, who thereby becomes a tenant in common with the wife for the joint lives of both husband and wife. It follows that upon the sale of the interest of one of such tenants by the entirety under a common law judgment, the purchaser becomes vested with all the interest which the defendant had in the lands during the joint lives of the husband and wife.

2. Where one tenant by the entirety, the wife, purchased at sheriff's sale the right, title and interest of her co-tenant, the husband, in lands so held, such purchase vests in the wife title to the premises for the joint lives of both herself and her husband, and this estate entitles her to possession and will support an action of ejectment by her grantee.

3. *Quære:* Is the estate of a wife, tenant by the entirety, who acquires the interest of her co-tenant, her husband, a base fee, during the lifetime of her husband, or, because of a decree of divorce between them, is it an estate in fee-simple?

4. There is nothing in the statute of frauds which prevents a trustee, as such, from receiving a conveyance of lands without a particular description of the trust in the conveyance.

---

On appeal from the Supreme Court.

For the appellant, *W. Howard Demarest.*

For the respondents, *Kalisch & Kalisch.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.  This was an action in ejectment in the Supreme Court for the possession of land in the county of Essex, and for mesne profits; the plaintiffs had judgment for both, and the defendant appeals.

At the conclusion of the trial before Dungan, J., and a jury, motion was made for the direction of a verdict on behalf of each of the parties, counsel stipulating that the court should determine not only the questions of law but also all disputed questions of fact, and thereupon the jury was discharged.  The court found that the plaintiffs were entitled to recover possession of that part of the lands and premises set forth in the complaint and described in the findings; and also for mesne profits amounting to a certain sum, and judgment was entered accordingly.

In 1913 title to the premises in question was vested in Joseph Butterworth and wife as tenants by the entirety.  In 1916 Butterworth abandoned his wife and infant child.  His interest in the property was sold by the sheriff of Essex on an execution against him, to Mrs. Butterworth, the wife, July, 1915, as *trustee.*  She says she made the purchase as trustee for the child.  In 1919, Mrs. Butterworth began suit for divorce, and while that suit was pending she, *individually and as trustee* (Butterworth not joining), entered into a lease of the premises with Benjamin H. Porter, the defendant, who went into possession in May, 1919; and she also entered into a contract with him, in which she agreed to convey the property to him on April 1st, 1920, and by *addendum* to the existing lease between them, the accruing rent was released and the term of occupancy was extended to November 1st, 1920.  The contract contained a provision for the payment of $960 as liquidated damages for failure by either party to perform.  In August, 1920, Mrs. Butterworth

obtained a final decree of divorce and shortly thereafter married John Williams. In September, 1920, Porter filed a bill against Mr. and Mrs. Williams for specific performance of the contract mentioned; and in October, 1920, Mrs. Williams *individually and as trustee,* Williams joining, conveyed the premises to LeRoy Zubler and Augusta H. Zubler, her brother and mother. In October, 1920, Porter obtained a deed from Butterworth, purporting to convey his interest in the property. Thereupon Porter filed a supplemental bill pleading this conveyance, making the Zublers, the Williams' grantees, parties defendant. That case was tried before Vice Chancellor Foster, who held that because of the alternative character of the contract and the undetermined rights of the infant, and also because it did not appear that Porter was ever ready or willing to perform, except upon condition (not part of the contract) that Butterworth should join in the conveyance, the complainant was not entitled to relief, and a decree of dismissal was made and filed. On appeal this decree was affirmed. The Zublers then brought this suit to eject Porter from the premises and for mesne profits for his wrongful possession of the property against them.

The estate by the entirety which was in Mr. and Mrs. Butterworth, amounted to a tenancy in common between them for their joint lives with remainder to the survivor. He could transfer his right to a third party, who would thereby become tenant in common with the wife, for the joint lives of both. *Schulz* v. *Ziegler,* 80 *N. J. Eq.* 199. See, also, *Wortendyke* v. *Rayot,* 88 *Id.* 331, 332. And the estate of either could be encumbered. *Servis* v. *Dorn,* 76 *Id.* 241, and cases cited at *p.* 244. This actually happened as to Mr. Butterworth, against whom a judgment was recovered, and the sheriff of Essex under an execution out of the Court of Common Pleas of that county, founded on that judgment, sold to Mrs. Butterworth, *trustee,* her heirs and assigns, by deed of May 15th, 1917, the lot of land in question in as full, ample and beneficial a manner as by virtue of the writ against Butterworth he could or ought to convey

the same. This conveyance divested out of Mr. Butterworth and vested in Mrs. Butterworth, as trustee, the former's estate in the land as potential tenant in common with her for the joint lives of both of them, leaving him only the remainder of the entire estate in the event of his surviving her. A purchaser at sheriff's sale becomes vested by operation of law with all the interest which the defendant in execution had in the land. *Leport* v. *Todd,* 32 *N. J. L.* 124.

Now, at the time of her conveyance to the plaintiffs, Mrs. Williams, formerly Mrs. Butterworth, at least had title to the premises in question for the joint lives of herself and her former husband, Butterworth, who was alive, an undivided moiety individually and the other undivided moiety as trustee. This estate entitled her and her grantees, to whom she conveyed both individually and as trustee, to possession of the property. And legal title and right to possession support ejectment. 19 *Corp. Jur.* 1036. Plaintiffs recover upon the validity of their title. *Meyers* v. *Conover,* 65 *N. J. L.* 187. Whether the estate of the plaintiffs is a base fee (that is, one descendible to heirs general, upon which subsists a remainder or reversion in fee simple, Challis Real Prop. *264), which is liable to be defeated by the death of Mrs. Williams in the lifetime of Mr. Butterworth, her former husband, with reversion to him or his grantee; or whether the plaintiffs' estate is one of fee simple absolute upon the theory that the divorce granted to Butterworth's wife destroyed and extinguished his contingent remainder, is a question with which we are not concerned, and do not decide. On this subject generally, see 17 *Corp. Jur.* 433; see, also, *Buttlar* v. *Buttlar,* 67 *N. J. Eq.* 136; *S. C. on appeal, Id.* 729; *Shannon* v. *Watt,* 87 *Id.* 142; *S. C. on appeal, Id.* 611; *Sbarbaro* v. *Sbarbaro,* 88 *Id.* 101.

The defendant contends that acquisition by the wife at sheriff's sale of Butterworth's interest in the property impressed her title with a resulting trust in his favor, he then being her husband. In support of this contention counsel cites *Roll* v. *Everett,* 73 *N. J. Eq.* 697. This case goes no further than to hold that where a tenant in common acquires

a tax title or redeems lands from a tax sale, his act inures to the benefit of his co-tenants upon their *reimbursing* him for their proportional shares. This contention of the defendant is without support in this state, and no authority from other jurisdictions is cited as making for defendant's contention. Certainly it cannot be leveled against the beneficial interest of the *cestui que trust* for whom Mrs. Butterworth acquired and held the title; but, even if she had acquired it for herself, we would still think the point without merit. She had the same right as anyone else to purchase her husband's interest in the land at the execution sale.

It is urged for the defendant that the question asked of Mrs. Williams, formerly Mrs. Butterworth, "For whom were you the trustee?" was illegal and harmful error, on the ground that the statute of frauds (*Comp. Stat., p.* 2611, § 3) provides that all declarations and creations of trust in lands shall be manifested and proved by writing signed by the party enabled to declare such trust. This trust, so far as it appears on the face of this deed, does not fall within this section, for Mrs. Butterworth was the grantee and not the grantor or signatory party to the conveyance. There is nothing in the section which prevents a trustee, as such, from receiving a conveyance of lands without particular description of the trust therein, and without signing by the grantee-trustee. It is daily practice to do so. Besides, so far as appears, Mrs. Williams may have created in an appropriate writing, a trust in these lands in favor of her daughter, but that is matter between them, and in which the defendant has no interest. It is not perceived that the question was illegal, but, if it were, it was harmless to defendant.

Lastly, it is urged that the trial judge erred in finding that the plaintiffs were entitled to recover mesne profits; but as there was evidence to support the claim and the amount found to be due, this court on error may not disturb the judgment. *Long Dock* v. *State Board of Taxes &c.,* 90 *N. J. L.* 701; *Penna. R. Co.* v. *State Board of Taxes, &c., ante p.* 283.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, GARDNER, JJ. 10.

*For reversal*—None.