LEWIS JUDSON CARPENTER, Plaintiff, *v.* EVA M. CARPENTER and Another, Defendants.

Supreme Court, Cayuga County, June 24, 1927.

Tenants in common — tenants by entirety — accounting — action for partition and for accounting of real estate of which parties were owners as tenants by entirety — decree of divorce automatically made them tenants in common — decree had no retroactive effect of changing ownership into tenancy in common ab initio — interests of parties are not proportionate to amount of their respective contributions to purchase price and upkeep of property — property should be sold and accounting of rents and profits had — defendant entitled to household furniture by virtue of Civil Practice Act, § 1156 — Civil Practice Act, § 1156, is not unconstitutional — defendant must account for amount withdrawn from savings bank account and for rents.

Plaintiff brings this action for partition and for an accounting of real estate, of which, before his divorce from defendant, they were owners as tenants by the entirety. By virtue of a decree of divorce plaintiff and defendant became tenants in common, but the decree having no retroactive effect of changing the ownership into a tenancy in common *ab initio*, did not produce a situation whereby the interests of the parties under the latter tenancy were proportionate to the amount of their respective contributions to the purchase price and for the upkeep of the property. Since the relation of defendant and plaintiff is that of tenants in common of said premises in equal shares, an order should issue directing the sale thereof and for an accounting of the rents and profits over the period during which defendant occupied the premises after her divorce and collected the rents of an adjoining flat, unless the parties stipulate the account.

Defendant's claim to household furniture by virtue of section 1156 of the Civil Practice Act, as coming within the description of property that she "has in her possession or under her control * * * which was left with her " by plaintiff, is a proper one, for plaintiff must be deemed to have voluntarily forfeited all claims to the furniture by reason of his failure to claim title to the property before the final judgment in the divorce action.

Moreover, section 1156 of the Civil Practice Act is not unconstitutional in that it deprives plaintiff of his property without due process of law, for the statute is merely one of limitation.

Defendant should account for the moneys withdrawn by her from a savings bank account, and for the rents since the date of the trial, having regard to the fact

of her occupation of a part of the premises. In the account she is to be charged with one-half of the bank balance and with one-half of the rents and profits of the house, and she is to be credited with any payments made by her therefrom and from her own funds, if any, for the benefit of the plaintiff since the date of the action.

ACTION for the partition of real and personal property, and for an accounting.

*Nelson L. Drummond*, for the plaintiff.

*Leary & Leary*, for the defendant Carpenter.

STEPHENS, J. The plaintiff and the defendant Carpenter were divorced at the suit of the wife and the final decree was entered January 8, 1927; before the time of the dissolution of their marriage they were owners as tenants by the entirety of the real estate which furnishes the major ground for this litigation; upon the entry of the final decree in the divorce action the nature of their tenancy was changed and they became tenants in common of the said real estate.

The property in question consists of a two-family dwelling house and the land on which it stands, in the city of Auburn; it was purchased under a contract in January, 1915, and the stipulated payments on the purchase price were made, and on January 3, 1921, a deed was delivered to the then husband and wife, conveying to them the property subject to a mortgage of $2,400.

The plaintiff and the defendant wife began to occupy one-half of the house soon after the contract was made and continued to do so until their separation; the other half of the house was rented to tenants; the defendant Muldoon is the present tenant but has no substantial interest in the action.

All the payments upon the purchase price of the premises under the contract, for improvements and repairs, taxes, insurance, interest upon the mortgage and the sum of $600 on the principal of the mortgage indebtedness, were made from the moneys received from rents and from the earnings of the plaintiff; these moneys, or a considerable part of them at least, were deposited in the savings bank in a joint account with the husband and wife, the wife apparently acting as the chief administrator of the funds; since the final decree the said defendant has continued to occupy one-half of the house and has received the rents from the other half.

The plaintiff has brought this action for partition and for an accounting, on the theory that when he and his wife ceased to be tenants by the entirety, by virtue of the decree of divorce, and became tenants in common, their interests under the later tenancy were proportional to the amount of their respective contributions

to the purchase price and for the upkeep of the property, and that their interests, therefore, were not equal.

The plaintiff, however, does not challenge the thoroughly established principles of law governing tenancy by the entirety when they are terminated by the death of one of the tenants, but urges that when such a tenancy is terminated by divorce, not only do the husband and wife become tenants in common, a relation that he necessarily concedes, but that the extent of their interests in the property is measured by the amount of their respective initial contributions to the purchase price and the continuing contributions for maintenance; he claims, therefore, that since the property was bought, maintained and improved from his earnings, together with the rents from it, he is entitled to all of it, and that the defendant wife should account to him for all the moneys that she has received as the financial administrator of the family funds, and that he be reimbursed therefor from the moneys realized from a sale of the property.

This claim of the plaintiff has some support as a legal proposition, if by the original grant he and his wife had become tenants in common (*Perrin* v. *Harrington*, 146 App. Div. 292; *Bambauer* v. *Schleider*, 176 id. 562); but they did not, and, until the marriage bond was severed, they were tenants by the entirety of the corpus of the property and tenants in common of the use and rents; these mutual rights were in no way dependent upon the proportionate contributions by the respective grantees to the purchase price; if the wife had furnished the entire amount, she would have had no larger benefits from the purchase than her husband, and if she furnished none of it, she would have no less,  (*Hiles* v. *Fisher*, 144 N. Y. 306; *Grosser* v. *City of Rochester*, 148 id. 235; *Weigert* v. *Schlesinger*, 150 App. Div. 765; affd., 210 N. Y. 573; *Shapiro* v. *Shapiro*, 208 App. Div. 325; *Matter of Klatzl*, 216 N. Y. 83, 89.)

The decree of divorce did not have the retroactive effect of changing the ownership into a tenancy in common *ab initio;* there was no condition implicit in the grant to the husband and wife as tenants by the entirety, that the marital relation should continue until the death of either (*Stelz* v. *Shreck*, 128 N. Y. 263); the relation of tenants in common, in equal shares, began when that of husband and wife ceased; that this is the effect of the decree of divorce, even when the entire purchase price of the property in question has been paid by an innocent husband, has been authoritatively settled in *Yax* v. *Yax* (125 Misc. 851; affd., 217 App. Div. 714). *Bell* v. *Little* (204 App. Div. 235; affd., 237 N. Y. 519) is in harmony with this conclusion so far as it sheds any illuminating ray upon the problem here; in passing, it may be observed, as in the *Yax*

case, that " we are not compelled to reconcile the latter decision with that of *Perrin* v. *Harrington* " (*supra*); it may, however, be appropriately added that there is less reason here, founded on equitable principles, to penalize the wife by depriving her of a vested interest in the real property, than was present in *Yax* v. *Yax*.

The above statement of the plaintiff's claim seems to be justified by the complaint and by the brief of his able and industrious counsel; he nowhere expressly says that he is entitled to the whole property; his prayer in the complaint for relief is not clearly founded upon such a claim, and again it cannot proceed from any other; after all, it is not very important.

The property, other than the real estate, his rights in which the plaintiff asks to be adjudicated in this action, consists of household furniture and a bank deposit in the joint names of himself and his former wife, amounting to $154.51, which she withdrew from the bank after the action for divorce was started.

The plaintiff claims all of the furniture except such parts of it as were wedding gifts; the defendant waives all claim to any of it because of a gift at the time of her marriage but claims it all by virtue of section 1156 of the Civil Practice Act, as coming within the description of property that she " has in her possession or under her control * * * which was left with her " by the plaintiff. This statute has apparently never been judically interpreted; it is urged, on behalf of the plaintiff, that if it must be literally construed, it is unconstitutional in that it deprives the plaintiff of his property without due process of law; on the other hand, it may be said that at any time during the pendency of the divorce action, and before final judgment, the plaintiff could have taken possession of any property to which he claimed title and, having failed to do so, he must be deemed to have acquiesced in the operation of the statute and to have voluntarily forfeited all claims to it; the statute, in effect, is one of limitation; even if this be not so, it was not necessary to resort to equity for relief and a fully adequate remedy at law is still available to him.

The bank deposit stands on a different footing for that was withdrawn by the defendant before final judgment; if the sole source of it were moneys received from rent, the parties owned it as tenants in common but since we cannot precisely know, it will be perhaps a near approximation to an equitable division of the fund to hold that there was no change in its character by reason of the domestic difficulties; that it was a fund from which charges upon the real estate were to be met; it follows, therefore, that they must be applied to such purpose; the defendant asserts they have been so applied.

Upon the trial the income received from the property from the date of its purchase upon contract to the date of the trial was stipulated in the sum of $3,050, and that there had been paid out during the same period for principal and interest on the purchase price, for taxes and improvements, the sum of $5,775.33; the income from the property has been completely absorbed and the amount of expenditures in excess of that received from the rents was met from the plaintiff's earnings; the data now before us does not, however, enable us to state an exact account between the parties; the defendant, therefore, should account for the said moneys withdrawn by her from the bank and for the rents since the date of the trial, having regard to the fact of her occupation of a part of the premises; she is to be charged with one-half of the said bank balance and with one-half of the rents and profits; she is to be credited with any payments made by her therefrom and from her own funds, if any, for the benefit of the plaintiff since the date of the action; the party in whose favor the balance inclines, whether to the plaintiff in an excess of receipts over disbursements, or to the defendant in an excess of disbursements over receipts, to be provided for in the final judgment.

Appropriate findings of fact and conclusions of law, in accordance herewith, may be prepared for signature, authorizing a judgment adjudicating that the plaintiff and defendant Carpenter are tenants in common of the said premises in equal shares and directing the sale thereof by a referee to be therein named; that immediately after said sale, unless the parties stipulate the account, the said referee shall take an account of the rents and profits and of the necessary disbursements for maintenance of the said real estate as above indicated, and report the same, or the account if stipulated, together with his report of sale; the plaintiff is entitled to his taxable costs and the matter of allowances is reserved until the coming in of the referee's report of sale.