In the Matter of the Real Estate of FRANCIS E. COCHRAN
AND ANNA COCHRAN JOHNSON.

*Orphans' Court, New Castle, June 2, 1949.*

HARRINGTON, President Judge, and LAYTON, J., sitting.

*Joseph Donald Craven,* for petitioner.

*David B. Coxe, Jr.,* for respondent.

HARRINGTON, President Judge, delivering the opinion of the court:

The petition for partition alleges that Francis E. Cochran and Anna Cochran Johnson were husband and wife in 1941, and in May of that year purchased a house and lot in Mill Creek Hundred, in New Castle County, and took title thereto as tenants by the entirety; that in May, 1948, on the petition of Anna Cochran, the Superior Court for this county entered a final decree divorcing her from her said husband, and that Anna Cochran subsequently intermarried with and became the wife of one Charles Johnson. The petition further alleges that the property, now held by Francis E. Cochran and Anna Cochran Johnson as tenants in common, cannot be equally divided and prays that the appointment of a commission for that purpose be omitted and that a sale be ordered and the proceeds divided.

The answer of Anna Cochran Johnson alleges: "That since May 1941, the petitioner has made no contributions towards the maintenance and repair of the said premises, and furthermore has made no contribution towards the payment of the principal and interest of an outstanding mortgage on the property as well as taxes and insurance, all of which have been paid by the respondent" in excess of $3500.00.

The respondent also seeks an order compelling Francis E. Cochran to contribute one-half of such payments and that said amount be charged on his interest in the property, or the proceeds of its sale.

Because of the dissolution of the marriage relation between Francis E. Cochran and Anna Cochran (Johnson), they now hold the property, originally held by them as tenants by the entirety, as tenants in common [*Townsend v. Townsend*, 5 *W. W. Harr.* (35 *Del.*) 493, 168 *A.* 67], and it can, of course, be partitioned or sold by this court and the proceeds divided. *Revised Code* 1935, § 3736. Moreover, *Section 3765* of the *Revised Code of* 1935 provides:

"For the purpose of effectuating the provisions of this Chapter, the Orphans' Court shall have, in addition to the jurisdiction and powers already conferred upon it, general equity powers touching the subject matter of this Chapter, and authority to make any order or decree not inconsistent with the provisions of this Chapter touching causes in partition, or matters incidental or pertaining thereto, which the right or justice of the cause may demand."

By its provisions, in partition cases this court, therefore, has such incidental equity powers with respect to the rights of interested parties in the proceeds of the sale of the property as "the right or justice of the cause may demand." *First National Bank of Frankford v. Andrews*, 26 *Del. Ch.* 344, 28 *A.* 2d 676; *Whitehead v. Whitehead, Orphans' Ct.*, 21 *Del. Ch.* 436, 181 *A.* 684; *Wilson v. Lank*, 12 *Del. Ch.* 413, 107 *A.* 772.

*Section 3747, Revised Code of Delaware* 1935, also provides:

"The proceeds of said sale, after deducting the costs of the proceedings, shall be invested by the Court in whole or in part for the benefit of the various parties and interests as their rights shall appear, or divided among the parties entitled according to their several interests and the rules of law and equity."

But the reasonable inference from the allegations of the respondent's answer is that the expenditures were made by her before the termination of the tenancy by the entirety.

An estate by the entirety is based on the legal fiction recognized at common law that husband and wife are one. *In re Giant Portland Cement Co.,* 26 *Del. Ch.* 32, 21 *A.* 2d 697. Both tenants are seized *per tout* and not *per my,* and both are, therefore, the owners of the whole estate during their joint lives, or until it shall be otherwise terminated. In other words, as between husband and wife, there is but one owner and that is neither the one nor the other, but both together. From the peculiar nature of the estate and the legal relation of the parties, it, therefore, necessarily follows that there is unity of estate, unity of possession, and unity of control of the entire property, and on the death of one tenant the other takes it under the original conveyance. *Id.*

At common law, and before the enactment of the Married Women's Act, *Rev. Code* 1935, § 3540, *etc.,* the husband had the right to use, manage and enjoy his wife's real property so long as they both lived, but her property is no longer subject to his use and control. *Id.; Heitz v. Sayers,* 2 *W. W. Harr.* (32 *Del.*) 207, 121 *A.* 225. Neither alone can sell an interest in it during the existence of the tenancy, or subject it to judgment liens or execution sales. *Carlisle v. Parker,* 8 *W. W. Harr.* (38 *Del.*) 83, 84, 188 *A.* 67. Nor can the property be partitioned at the instance of either tenant. *Heitz v. Sayers, supra.*

The allegations of the answer relate to payments made by the respondent (1) for the maintenance and repair of the property, (2) for interest and part of the principal on "an outstanding mortgage" on said property, and (3) for taxes and insurance thereon. But no case is cited which sustains the right in equity of one tenant by the entirety to require the other to contribute to reasonable expenditures made for the repair of the property during the existence of the tenancy, even if they are alleged and proved to have been necessary for its preservation. Moreover, the divorce of the parties did not change the ownership into a tenancy

in common *ab initio*. *Carpenter v. Carpenter*, 130 *Misc.* 701, 225 *N.Y.S.* 426.

Because of the nature of the tenancy, if one tenant leases the property and collects all of the rents, it seems probable that in the absence of unusual circumstances the other cannot require an accounting for a part of them. *Wakefield v. Wakefield*, 149 *Pa. Super.* 9, 25 *A.* 2*d* 841; *Stimson v. Stimson*, 346 *Pa.* 68, 29 *A.* 2*d* 679; *Schweitzer v. Evans*, (*Pa.*,) 63 *A.* 2*d* 39; 41 *C.J.S., Husband and Wife*, § 34, *p.* 464. In partition cases, the general right of one tenant in common or joint tenant to require contribution to reasonable expenses made for necessary repairs, after a request and a refusal to assist, is based on different principles. There, each has an independent and severable interest in the same subject matter. See *Restatement, Restitution*, § 105; *Tiffany on Real Property*, 687, 689; 14 *Amer. Jur.*, 135; *Israel v. Israel*, 30 *Md.* 120, 96 *Am. Dec.* 571; *Farrand v. Gleason*, 56 *Vt.* 633. Moreover, even in such cases, each tenant can insure his own interest and, therefore, cannot require contribution to payments made for insurance on the entire property. See *Restatement, Restit.*, § 105(b).

The cases relied on by the respondent are based on the New Jersey rule since the enactment of the Married Women's Act that the possession of tenants by the entireties during their joint lives is in the nature of a tenancy in common, though subject to the right of survivorship (see *Nobile v. Bartletta*, 109 *N. J. Eq.* 119, 156 *A.* 483; *O'Connell v. O'Connell*, 93 *N. J. Eq.* 603, 117 *A.* 634; *Zubler v. Porter* 98 *N.J.L.* 444, 120 *A.* 194, 27 *A.L.R.* 822; *Tiffany on Real Property*, 651), and cannot be reconciled with our cases. Unless it should appear that gifts to the husband were intended, it seems, however, that the right of the wife to require contribution to payments of existing liens on the entirety property, such as mortgages or taxes, could usually be sustained by the application of subrogation principles.

See *Tiffany, Real Property*, 691; 4 *Pomeroy Eq. Jur.*, (*5th ed.*) §§ 1221, 1222; *Olivere v. Taylor, Rossiter, et al., ante* p. 53, 65 *A*. 2d 723; cf. *Magenheimer v. Councilman*, 76 *Ind. App.* 583, 125 *N.E.* 77; *Cunningham v. Cunningham*, 158 *Md.* 424, 148 *A.* 444, 67 *A.L.R.* 1181. In most cases, any such liens would be created either by the joint action of the tenants or by statute. But the allegations of the respondent's answer are too vague and indefinite to comply with the principles of good pleading. They not only fail to disclose the amounts paid by her for taxes, interest, and on the principal of the mortgage, but it does not even appear that they were liens on the entirety property, and the motion of the petitioner to strike them out is granted.

An order will be entered accordingly, but with leave of the respondent to amend.