80 A.2d 923 (1951)
COLTON et al.
v.
WADE.
Court of Chancery of Delaware, New Castle.
May 10, 1951.
*924 Louis L. Redding, Wilmington, for plaintiffs.
H. Albert Young and Stephen E. Hamilton, Jr., Wilmington, for defendant.
SEITZ, Vice Chancellor.
For purposes of disposing of the present motions, the well pleaded factual allegations must be taken as true. Plaintiffs are the only next of kin and heirs at law of William Wade, deceased. The defendant is William Wade's widow. During the lifetime of William Wade he and his wife took title as tenants by the entirety to a certain piece of real estate. On August 30, 1950 the defendant shot and killed her husband and thereafter was indicted for the crime of first degree murder. On October 25, 1950 the defendant entered a plea of "guilty" and was convicted of the crime of manslaughter for the killing of her husband.[1] Upon the death of William Wade, his wife held the absolute legal title to the *925 real property previously held by them as tenants by the entirety.
Plaintiffs ask, inter alia, that a constructive trust be impressed in plaintiffs' favor on the legal title to the whole of the real estate on the ground that the defendant should not be permitted to profit by her own wrong.
Defendant has moved to dismiss the action because the complaint fails to state a claim against the defendant upon which relief can be granted, or in the alternative to grant summary judgment to the defendant because there is no genuine issue as to any material fact and the defendant is entitled to a judgment as a matter of law.
Defendant argues first that because of the nature of an estate by the entirety at common law in Delaware nothing passed to the defendant Lillian Wade upon her husband's death. Consequently, she argues that to interfere with her complete ownership and possession would do violence to the common law concept of tenancies by the entirety, citing, inter alia, Beddingfield v. Estill & Newman, 118 Tenn. 39, 100 S.W. 108, 9 L.R.A.,N.S., 640.
The defendant next argues that since the interest or estate of the survivor was not enlarged by her wrongful act, to deprive her of her interest in the property would violate Art. I, Sec. 15 of the Constitution of the State of Delaware.
The defendant finally argues that because the recently enacted Delaware statute, 47 Laws of Del., Chapt. 104, providing for forfeiture after conviction for wrongful killing of a husband, relates to dower only, by implication such wrongful act was not to apply to any other property interest.
The first question involved is whether this court of equity can impress a constructive trust on the legal title to real estate previously held by the entireties and now held by the surviving tenant alone by virtue of a survivorship occasioned by the felonious killing of the other tenant by the survivor.
The doctrine of tenancy by the entirety in its common law form is well recognized in Delaware. See In re Cochran's Real Estate, Del.Orph., 66 A.2d 497. Under this doctrine it has been repeatedly held in this state that upon the death of one such tenant the surviving tenant does not acquire any new interest from the other. E. g., Hurd v. Hughes, 12 Del. Ch. 188, 109 A. 418. In legal contemplation each has an interest in all of such property from the time the relationship is created.
Conceding that the aforesaid legal principles are still the law of this state despite their quaintness when considered in the light of some of the present-day relationships between husbands and wives, it does not necessarily follow that their existence compels this court of equity to close its eyes to the defendant's mode of acquiring sole possession of this real estate. The common law rule as to entireties is of judicial origin and its application to certain circumstances does not mean that it will be permitted to override other equally important common law or equitable principles.
I conclude that when one tenant by the entirety feloniously kills the other, the survivor possesses the whole legal interest in the property. However, in equity he will be determined to hold the entire interest upon a constructive trust for those other than the defendant entitled to the estate of his co-tenant by the entirety except that the survivor is entitled to receive the commuted value of the net income of one-half of the property for the number of years of his expectancy of life. Compare Restatement of the Law of Restitution, Sec. 188b. This conclusion pays full homage to the legal consequences under the common law rule of the death of one of two tenants by the entirety. Yet this rule is at best a judicially created fiction and need not be applied in a mechanical manner at the expense of other great principles of the law. My conclusion that a trust should be impressed gives powerful recognition to the deeply imbedded equitable principle that a person shall not be permitted to profit by his own wrong.[2] This is one of equity's most appealing principles. Certainly a wife who *926 feloniously kills her husband should not be permitted to be better off property-wise merely because she happens to hold property by the entireties rather than in some other way.
Some courts have taken into consideration the respective life expectancies of the husband and wife in determining whether or not a trust would be impressed on the legal title. E. g., Sherman v. Weber, 113 N.J.Eq. 451, 167 A. 517. However, as evidenced by the rule above announced, I do not believe the question of life expectancies is material in view of the fact that the survivor's wrongful conduct prevented the natural ascertainment of the surviving tenant. Certainly the doubt should be resolved against the wrongdoer. Compare Restatement of the Law of Restitution, Sec. 188a (last sentence); and see Bryant v. Bryant, 193 N.C. 372, 137 S.E. 188, 51 A.L. R. 1100.
I also conclude that under the circumstances of this case and for purposes of applying the equitable principle announced, it is equitable to assume that the net income would have been evenly divided between the husband and wife.
Defendant next contends that to impress a trust as I have here done violates Art. I, Sec. 15 of the Delaware Constitution which insofar as pertinent reads: "No attainder shall work corruption of blood, nor except during the life of the offender forfeiture of estate."
Attainder is defined in Ballentine's Law Dictionary as "The state into which the offender was placed by operation of law when sentence was pronounced against him for a capital offense, by the ancient common law." It is thus clear that attainder only existed upon sentence after conviction and not merely upon conviction. It does not appear from the complaint that the defendant was sentenced. I shall therefore assume that there was no sentence imposed which means that the quoted constitutional provision is not applicable because there was no attainder. If my assumption that the defendant was not sentenced is at variance with the fact, the matter may be raised by appropriate amendment. Also I have assumed that the quoted constitutional provision applies to attainders by judicial proceedings and is not limited, as plaintiffs contend, to bills of attainder.
The conclusion that the constitutional provision is inapplicable does not however dispose of defendant's argument. This is so because the courts in this country under what might be called the "modern" common law have never adopted attainder in the sense in which it is defined in Ballentine. Thus at "modern" common law the sentencing of a defendant for a capital offense does not automatically work a forfeiture. 8 R.C.L.Criminal Law 257.
Therefore, assuming that at common law the court is not entitled to work a forfeiture, the question arises as to whether or not the impressing of a trust in the manner here indicated would constitute a forfeiture in violation of the "modern" common law rule. I think not.
My determination to impress a trust does not, realistically, constitute a forfeiture of the defendant's estate because it merely prevents her from obtaining more "rights in fact" than she had prior to her wrongful act. Until her wrongful act she merely was entitled to share the net income with her husband. The possibility that she would have the exclusive interest by survivorship was just that  a possibility. To resolve against her the doubt concerning this possibility does not work a forfeiture of any estate. As the court said in Bryant v. Bryant, supra:
"In the application of this principle a court of equity will not deprive the appellant of his interest in the estate, but the appellant by his crime took away his wife's interest, and as to this he must be held a constructive trustee for the benefit of her heirs; the judge in effect having found as a fact that the deceased would have survived him. Even in the absence of such finding, equity would probably give the victim's representatives the benefit of the doubt." [193 N.C. 372, 137 S.E. 191.]
*927 So viewed my decision does not violate the common law rule against forfeitures since it does not, equitably speaking, impair her position as it existed prior to her crime.
I cannot agree with the reasoning employed in the cases which permit the survivor to retain his entire interest in such property on the theory that to impress a trust thereon would work a forfeiture in violation of the Constitution.[3] Compare Welsh v. James, 408 Ill. 18, 95 N.E.2d 872; Beddingfield v. Estill, supra. A forfeiture only arises because those courts pay strict homage to the judicially created legal fiction that a man and wife are one and that nothing passes upon the death of one tenant by the entirety. I cannot agree that a court of equity should recognize this fiction when to do so flies in the face of the equitable principle that a man should not be permitted to profit by his own wrong. This is not a case where this court should apply the maxim that equity follows the law. To say that such a survivor, if permitted to retain the property without limitation, does not actually profit from his own wrong is to divorce the law from the realities of life. My determination, fairly read, takes nothing from the survivor which she had prior to her wrongful act except that the pre-existing doubt as to survivorship is resolved against the wrongdoer. I conclude that my decision does not work a forfeiture.
Finally, it does not seem to me that 47 Laws of Del. Chapt. 104, dealing with the forfeiture of dower, in any way precludes the approach here taken. It covers but one narrow situation and does not fairly exclude the granting of relief in others.
Plaintiffs have moved for an order adding the administrator of the estate of the deceased tenant as a party plaintiff. Defendant objects. I conclude that the administrator can be added as a party plaintiff. In this way he will be in a position to assert whatever rights he believes the estate of the deceased has in such property. By admitting him as a party plaintiff, I expressly refrain from deciding whether he has any rights.
The defendant's motion to dismiss or for summary judgment must be denied.
Order on notice.
NOTES
[1] Solely for purposes of testing whether or not the complaint states a claim, I shall assume that the allegations as to the killing are sufficient.
[2] I leave for subsequent determination the question as to whether, in fact, the defendant committed such a wrongful act that the principle is applicable and the further question as to the type of proof required. Compare Minasian v. Aetna Life Ins. Co., 295 Mass. 1, 3 N. E.2d 17.
[3] The essential problem concerning forfeiture is the same whether it appears in a constitutional provision or under the common law rule.