In the Matter of the Real Estate of Enoch M. Smith, deceased.

*Orphans' Court, December 15, 1952.*

Layton, J., sitting.

*Albert J. Stiftel*, for petitioner.

*John M. Bader*, for Mary Ellen Berry.

*David B. Coxe, Jr.*, for Anne P. Elliott.

LAYTON, Judge:

The first ground for dismissal is that this court has no jurisdiction of a dispute over rents because by *Secs.* 3735, 4824 *and* 5001 *of the Revised Code of* 1935, such actions may be maintained in the Superior Court.

*Section* 3765 *of the Revised Code of* 1935 provides:

"3765. Sec. 32. Orphans' Court; Powers and Authority; Scope of:—For the purpose of effectuating the provisions of this Chapter, the Orphans' Court shall have, in addition to the jurisdiction and powers already conferred upon it, general equity powers touching the subject matter of this Chapter, and authority to make any order or decree not inconsistent with the provisions of this Chapter touching causes in partition, or matters incidental or pertaining thereto, which the right or justice of the cause may demand."

*Section* 3747 *of the Revised Code of* 1935 further provides:

"3747. Sec. 14. Proceeds of Sale; Disposal of:—The proceeds of said sale, after deducting the costs of the proceedings, shall be invested by the Court in whole or in part for the benefit of the various parties and interests as their rights shall appear, or divided among the parties entitled according to their several interests and the rules of law and equity."

This court has uniformly held that while its jurisdiction is purely statutory, yet, jurisdiction having once been acquired, it has such incidental equity powers with respect to the rights of parties in the proceeds of the sale of real property as the justice of the cause may demand. Necessarily, these equity powers should be exercised only in determining those incidental matters having a direct relationship with the main proceeding which, in the case of a partition, means incidental rights of cotenants growing out of the property itself. *Whitehead v. Whitehead*, 23 *Del.Ch.* 436, 181 *A.* 684; *First National Bank of Frankfort v. Andrews*, 26 *Del.Ch.* 344, 28 *A.2d* 676; *In re Andrews*, 3 *Terry* 376, 34 *A.2d* 700; *In re Burton's Estate*, 30 *Del.Ch.* 615, 59 *A.2d* 278; *In Re Cochran's Estate*, 31 *Del.Ch.* 545, 66 *A.2d* 497. Conversely, when the subject matter of the controversy does not arise out of the property partitioned, an Orphans' Court should refuse to assume jurisdic-

tion. This principle is best exemplified by the statement of the New Jersey court in *Hanneman v. Richter*, 63 *N.J.Eq.* 753, 53 *A.* 177, 178, in denying incidental relief prayed for in a partition suit:

"none of them have any connection whatever with the land of which partition is sought in this suit, or the rents and profits thereof. No authority is cited to sustain this attempt to use a partition suit as a means of adjusting personal demands between the parties which have no relation to the land, or proceeds thereof, to be divided in the suit."

See also *Moseley v. Moseley*, 240 *Mass.* 22, 132 *N.E.* 418.

In my judgment, the pleadings in this action demonstrate that the controversy here grows out of a dispute between the heirs with respect to rentals from the property here partitioned. It is a dispute directly related to the subject matter of the partition proceeding, namely the property. I am of the opinion, therefore, that whether or not there are other actions at law available to these partitioners wherein this controversy could be settled, this court, having jurisdiction over the partition matter, may and should assume incidental jurisdiction over the dispute concerning rents, if, in fact, the widow is under any duty to account.

The second reason for dismissal is that the petition fails to state a valid ground for an adjustment of the decree of distribution because the widow is not liable to account for any rentals. This requires some examination of the petition which, in effect, is the only pleading before me. It is at once apparent that the relationship between all the parties is not that of tenants in common, for the widow's interest is in dower.[1] She is entitled to a one-half interest for life in the property in question and has been occupying one-half of the property. There is no direct allegation that the widow interfered with the childrens' right to possession of this upstairs apartment. There is no trust relationship shown. No fraud is indicated. It is not charged that the three tenants in common attempted to rent the upstairs apartment but were prevented from so doing by the widow. The only occasions on which

---

[1] Even if all parties were tenants in common, the serious question would remain whether, under the facts here presented, the widow was under a duty to account for rentals unless she excluded the other children from occupancy. 14 *Am. Jur. Sec.* 35, *P.* 102.

the property was rented, the widow accounted to the children for their share.

██ Upon what theory, then, is she liable to account for the fair rental value of the remaining one-half of the premises? The only possible basis for a duty to account under the facts here presented would be that the children were excluded from possession. But such a conclusion is, at best, an inference resulting from a combination of the allegations that the widow used the property solely for her benefit and that the entrance to the upstairs apartment was through the downstairs. The pleading being vague and ambiguous in this respect, *Re Cochran's Estate*, 31 *Del.Ch.* 545, 66 *A.2d* 497, 500, and no other reasons appearing why petitioners are entitled to relief under the equitable powers of this court, the petition will be dismissed with permission to plead over within ten days.