ESTHER STEVENS & another *vs.* JUNE GROSS, executrix. January 28, 1954. Exceptions overruled. The plaintiffs, Esther Stevens and Philip Maltzman, bring this action of contract to recover for money lent to their mother, the testatrix. Verdicts were returned for the plaintiffs. The motion by the defendant for directed verdicts in her favor was properly denied. There was evidence of an implied contract by the testatrix to pay each plaintiff. We see no reversible error in the admission of the will of Bessie Maltzman. The verdict for Philip Maltzman is to be taken as only $239.56 in making up judgment.

The case was submitted on briefs.

*David S. Kunian & Louis Kobrin*, for the defendant.

*Joseph Gorfinkle*, for the plaintiffs.

STELLA WOJTKONSKI *vs.* JOSEPH WOJTKONSKI. JOSEPH WOJTKONSKI *vs.* STELLA WOJTKONSKI. March 9, 1954. Decree affirmed. In the first of these cases, which were tried together, one Stella Wojtkonski petitions the Probate Court for partition of a parcel of land in New Bedford, in which, by conveyance from her husband Joseph Wojtkonski, she owns a one-half interest, and in the second Joseph, by a suit in equity, seeks to have said conveyance annulled because of fraud and duress. In a report of material facts filed in each case the judge found that the wife obtained the conveyance by threats and false representations. In the equity suit he entered a decree ordering the wife to reconvey, and having entered it decreed that her petition be dismissed. There was no error. The conveyance to her was voidable, *Powell* v. *Powell*, 260 Mass. 505, *Cram* v. *Cram*, 262 Mass. 509, *Jurewicz* v. *Jurewicz*, 317 Mass. 512, 514; and after the order to reconvey, she had no standing in equity to maintain her petition. G. L. (Ter. Ed.) c. 241, § 25. See *Moseley* v. *Moseley*, 240 Mass. 22, 25.

The cases were submitted on briefs.

*Fred M. Thomas & George M. Thomas*, for Stella Wojtkonski.

*Ellsworth A. Hathaway*, for Joseph Wojtkonski.

LEONORA STEVENS SULLIVAN *vs.* ROLAND G. STEVENS. April 28, 1954. Decree affirmed. A decree nisi for divorce granted on June 22, 1948, awarded the custody of the son of the parties to his mother, the appellant, and that of the daughter to her father. Upon a petition filed by the appellant on August 14, 1952, to amend the decree nisi by giving her the custody of the daughter, the judge after a full hearing on the merits denied it on June 16, 1953. The mother appeals. Lacking a transcript of the evidence, we examine the report of the material facts made by the judge. They contain nothing that shows the judge was wrong in finding that the best interests and welfare of the daughter required that she continue in the custody of her father. *Richards* v. *Forrest*, 278 Mass. 547. *Stinson* v. *Meegan*, 319 Mass. 682.

*Allan R. Kingston*, for the petitioner.

*Joseph P. Graham*, for the respondent.