LEWIS S. ROSENSTIEL, Appellant, v. SUSAN L. ROSENSTIEL, Respondent.

First Department, September 25, 1962.

*Julian B. Rosenthal* of counsel (*Benjamin A. Javits* and *Charles Roden* with him on the brief; *Javits & Javits*, attorneys), for appellant.

*Walter S. Beck* of counsel (*Louis Nizer* and *Herbert N. Bobrow* with him on the brief; *Phillips, Nizer, Benjamin, Krim & Ballon*, attorneys), for respondent.

*Per Curiam.* Plaintiff husband sues to recover possession of personal property left with defendant wife when the parties physically separated. She interposes an affirmative defense that he abandoned her wrongfully and therefore she is entitled to use such property " in conjunction with her use and occupancy of their marital residence ". She argues that while she has no

title or ordinary lien to the property, she may use it undisturbed until the courts determine the status of the parties in pending matrimonial litigation.

Special Term denied plaintiff's motion to strike the affirmative defense as insufficient in law. The order should be reversed.

Assuming, as is required on such a motion, that the husband wrongfully abandoned the wife, this confers on her no right, title, lien, or other possessory interest to retain property owned by him (see 15 N. Y. Jur., Domestic Relations, § 173; cf. *ibid.* §§ 221, 222; see *Carpenter* v. *Carpenter,* 130 Misc. 701, 704; cf. Ann. Separation Suit — Division of Property, 74 A. L. R. 2d 316 *et seq.* generally, but especially pp. 340–342, 346). The implication defendant seeks to extract from *Plohn* v. *Plohn* (1 A D 2d 824) is highly strained. The reference there to a " justifiable " leaving of the household related only to fortifying the inference that the wife did not, *ipso facto,* abandon her pre-existing property right, if any, to household furnishings. This does not mean that the converse becomes true : that an unjustifiable departure from the marital residence will work an abandonment of title to assets, or create some new kind of possessory quasi-lien in the abandoned spouse. Any doubt as to the effect of the *Plohn* case is removed by considering this court's language in the cases of *Kobin* v. *Kobin* (2 A D 2d 961, case No. 10; 2 A D 2d 968). Of course, the issue may always be tendered of the wife's original title or one based on a gift made expressly or tacitly, or of an intentional abandonment of the property by the husband (see 15 N. Y. Jur., Domestic Relations, *supra,* §§ 221, 222). And, too, defendant wife has remedies based on the duty to support which are appropriate in a matrimonial action.

As a matter of policy, the theory of the defense would work chaos not only in the law of property but in the relations of spouses in danger of separation.

Accordingly, the order entered July 2, 1962 denying plaintiff's motion to strike defendant's affirmative defense for legal insufficiency under rule 109 of the Rules of Civil Practice, should be reversed, as a matter of law, with costs to plaintiff-appellant, and the motion granted.

BREITEL, J. P., RABIN, VALENTE, EAGER and STEUER, JJ., concur.

Order, entered on July 2, 1962, unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs.